William E.. Wamsley, Respondent, v. H. L. Horton and Company (Limited), Appellant.

*Reference to determine questions of fact arising upon motions.*

A reference, under section 1015 of the Code of Civil Procedure, upon a question of fact arising upon a motion (as, *e. g.*, upon a motion to set aside service of a summons), should only be ordered in extraordinary cases where such a reference is absolutely necessary to determine questions of fact of vital importance.

Appeal by the defendant, H. L. Horton & Company (Limited), from an order of the Supreme Court, made at the New York Special Term, dated the 8th day of March, 1893, and entered in the office of the clerk of the city and county of New York, directing a reference to determine disputed questions of fact arising upon a motion to set aside the service of the summons herein.

The facts presented to the court below upon the motion, and upon which the reference was ordered, appear from the following opinion rendered by the court below (Barrett, J.), upon making the order now appealed from :

" The defendant, a foreign corporation, moves to set aside the service of the summons herein upon the ground that Mr. Horton is not an officer of the company, but merely a director thereof.

" In his original affidavit, upon which the application was based, Mr. Horton states that on the 9th day of January, 1893, when the summons was served upon him, he was neither president, treasurer, secretary, cashier nor managing agent of the defendant.

" The plaintiff opposed the application upon an affidavit showing that the defendant has no president, but that the chairman of its board of directors performs functions corresponding to that of president. The affidavit then states that in September last he examined the record of the formation of this corporation, which showed that Mr. Horton owned nearly all its stock, and was chairman of its board of directors.

" To this affidavit Mr. Horton now replies that he was not such chairman when the summons was served upon him. He does not deny that he was chairman in September last, nor that he is the principal owner of the stock of the defendant. He thus in substance admits the facts stated in the opposing affidavit, but seeks to

avoid them by the statement that, though he was chairman in September, 1892, he was not chairman on the 9th day of January, 1893.

" In my judgment, he was called upon to state the facts which effected the change. It may well be that, in law, he is still. chairman, notwithstanding his belief to the contrary. When we know the precise facts with regard to the alleged change in the situation we will be better able to judge whether the broad assertion that he was not chairman on the 9th day of January, 1893, is an accurate statement of fact or an accurate conclusion from the actual facts. The plaintiff should not be thrown out of court upon a bald assertion which frank disclosure of the circumstances may prove to be inaccurate. The very fact that counsel protested against any further inquiry, looking to the examination of Mr. Horton, adds to the doubt created by the suspicious reserve of the replying affidavit.

" Upon the whole, I think such further inquiry essential to a correct disposition of the motion, and accordingly direct a reference as to the question of fact involved."

*Jno. R. Dos Passos,* for the appellant.

*A. S. Bacon,* for the respondent.

PER CURIAM:

We concur with the counsel for the appellant that references under section 1015 of the Code in respect to disputed questions of fact arising upon motions should only be ordered in extraordinary cases. In fact, it should only be resorted to when such a reference is absolutely necessary to determine questions of fact which are of vital importance arising upon motions before the court. A reference upon a motion is frequently a great abuse of the discretion vested in the court by this section, as it requires large expenditures of money in the shape of referees' and stenographers' fees and to procure the attendance of counsel which are utterly disproportionate to the importance of the questions involved, either in the action or upon the motion.

We think, therefore, that in the case at bar, upon the facts presented, the court should not have ordered the reference from which an appeal is taken. But we are of opinion, in view of the conclusions

arrived at by the court, as evidenced by its opinion, and which were justified by the papers before it, that it should have disposed of the motion by denying the same.

We think, therefore, that the order of reference should be reversed, and the motion sent back to the Special Term in order that it may be disposed of upon the papers which were then before the court, with ten dollars costs and disbursements of appeal, to abide the final disposition of the motion.

Present—Van Brunt, P. J., O'Brien and Ingraham, JJ.

So ordered.