---

(27 Misc. Rep. 651.)

### FRIEDENBERG v. LEE CONSTRUCTION CO.

(City Court of New York, General Term.    May 26, 1899.)

CORPORATIONS—SERVICE OF PROCESS.

 In an action against a corporation, summons and complaint were served on one L. on March 10th.    He admitted that prior to February 2d he had been president of defendant corporation, but alleged that on that day an election was held, at which he was not elected to any office specified in Code, § 431, subsec. 3, authorizing service against a corporation to be made on certain officers named therein.    *Held* insufficient to authorize setting aside service, as he failed to state whether any officers were elected, or that they ever accepted office, or qualified, he being by law president of the corporation until his successor had so qualified.

Appeal from special term.

Action by Henry L. Friedenberg against the Lee Construction Company.    From an order denying a motion to set aside service of summons and complaint on the ground that Thomas A. Lee, on whom service was made, was not at the time an officer of defendant corporation, it appeals.    Affirmed.

Argued before SCHUCHMAN and O'DWYER, JJ.

Lewis M. Thompson, for appellant.

Arthur A. Michell, for respondent.

SCHUCHMAN, J.    The summons and complaint were served upon Thomas A. Lee on March 10, 1899.    He admits that on and prior to February 2, 1899, he was the president of the defendant corporation, but alleges that on that day an election was held, at which he was not elected to any of the offices specified in subsection 3 of section 431 of the Code, but he fails to state whether any new officers were then elected, or give the names of the newly-elected officers, or that the newly-elected officers ever accepted office or qualified.    In our judgment, Lee should have stated the facts which effected a change of officers, and whether the new officers qualified and accepted the offices.    He will in law be the president of the corporation until his successor is elected, and has qualified.    Wamsley v. H. L. Horton & Co. (Sup.) 23 N. Y. Supp. 85; Palmer v. Pennsylvania Co., 35 Hun, 369.

Order appealed from affirmed, with costs and disbursements.

O'DWYER, J., concurs.