the court can see or even infer that the plaintiff has any knowledge whatever with reference to the defendant's residence. Indeed, it does not appear that she ever saw the defendant, or had any dealings with him whatsoever. In Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710, this court held that "the mere averment of facts as upon personal knowledge is not sufficient, unless circumstances are stated from which the inference can fairly be drawn that the affiant has personal knowledge of the facts which he avers." And it also reasserted the rule in Tucker v. Goodsell Co., 14 App. Div. 89, 43 N. Y. Supp. 460; Lehmaier v. Buchner, 14 App. Div. 263, 43 N. Y. Supp. 438; Wallace v. Bahring, 21 App. Div. 477, 48 N. Y. Supp. 692; Martin v. Plate Co., 44 App. Div. 412, 60 N. Y. Supp. 1010.

Finally, the alleged cause of action is not one in which an attachment can be granted. A warrant of attachment can be granted where the action is to recover a sum of money only, as damages (1) for the breach of a contract, express or implied, other than a contract to marry; (2) wrongful conversion of personal property; or (3) an injury to person or property in consequence of negligence, fraud, or other wrongful act. Section 635, Code Civ. Proc. It is sought to sustain the warrant of attachment on the ground that the action is brought to recover damages for an injury to the property of the plaintiff. But, if this be conceded, it does not follow that the plaintiff is entitled to a warrant of attachment. Section 635 of the Code, giving the right to an attachment in the cases specified, must be read and construed with section 3343, by which it appears that in an action of this kind an attachment cannot be obtained. Subdivision 10 of the latter section defines an injury to property as an actionable act whereby the estate of another is lessened, other than a personal injury or the breach of a contract.

It follows, therefore, that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(59 App. Div. 566.)

### BUCHOLTZ v. FLORIDA EAST COAST RY. CO.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

PROCESS—SERVICE—REFERENCE TO TAKE PROOF.
    On motion to set aside a service of summons and dismiss the action, the principal question being whether the person on whom service was made was the managing agent of defendant, it not being disputed that defendant had no property in the state, and the facts bearing on the question being fully presented by affidavit, and neither side requesting it, it was error to send the matter to a referee to take further proof.

Appeal from special term, New York county.

Action by Mendel Bucholtz against the Florida East Coast Railway Company. From an order directing a reference to take proof to be used on a motion to set aside service of a summons and complaint and dismiss the action, defendant appeals. Reversed.

The complaint herein alleged that the defendant, the Florida East Coast Railway Company, a foreign corporation, organized under the laws of the

state of Florida, suffered certain goods which the plaintiff, a resident of the state of New York, delivered to it at Miamet, Fla., on September 21, 1898, for transportation to Key West, Fla., to be lost or destroyed. Personal service of the summons and complaint was made November 9, 1900, on Robert Parsons, at 26 Broadway, New York City. Upon affidavits dated November 28, 1900, an ex parte order was entered extending defendant's time to answer, demur, or move in relation to the complaint, which order was incorporated in an order to show cause why the summons and complaint should not be set aside and the action dismissed upon the ground that they had not been properly served. These affidavits were used upon motion to vacate the service and dismiss the action, and they state that the defendant corporation has no property within the state of New York, and since May 1, 1900, had had no office and done no business here; that the alleged cause of action arose, if at all, within the state of Florida; that Robert Parsons, on whom the papers were served, although at that time the defendant's second vice president, has never been a director of the defendant company, nor had any authority or functions like that of president, secretary, treasurer, cashier, or managing agent, and his powers are only such as are performed within the state of Florida, under the express direction of the defendant's president or vice president; that he has only desk room in the office of Henry M. Flagler at 26 Broadway, and is there associated with the latter individually; and that the defendant has never filed with the secretary of state any designation, as prescribed in section 432 of the Code of Civil Procedure. The opposing affidavit of plaintiff's counsel avers that Robert Parsons is the second vice president of the defendant corporation, and Henry M. Flagler referred to is director and president thereof. Pending the determination of the motion to set aside the service of the summons and complaint and dismiss the action, an order was entered extending the defendant's time, and directing a reference to take proof concerning the actual relation of Robert Parsons to the defendant, and, "in the event that at the time of the service he occupied any of the positions mentioned in subdivision 3 of section 432 of the Code of Civil Procedure, whether the defendant then had property within the state," and that the "referee report the testimony taken before him, together with his opinion thereupon." From that part of the order which so directs a reference, the defendant appeals.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Lyman A. Spalding, for appellant.
Max Altmayer, for respondent.

PER CURIAM. Upon a motion, where the facts are undisputed and neither side asks for it, we can find no warrant for the court's sending the matter to a referee to take further proof. Such a practice would entail additional expense and delay, and, where both sides have had full opportunity to present all the facts, it is entirely unnecessary to have a reference. If essential, the court could have allowed or directed additional affidavits to be served by either party. It is only in a very unusual and exceptional case that a reference should be ordered to aid the court in deciding a motion.

The principal question here presented was whether the person on whom service was made was the managing agent of the defendant. That defendant had no property in the state was not disputed. The facts bearing upon this principal question were fully presented, and it was the duty of the court, on the affidavits, to decide the motion.

Order accordingly reversed, with $10 costs and disbursements to appellant to abide the event, and the proceedings remitted to the special term for decision.