from her full possession and ownership. Her title and possession are consistent with all the rights and duties that arise out of the marital relations. * * * Any other rule would tend to make the title and possession of a married woman to her separate real estate less secure than that of her husband or that of a stranger to his property."

Here the mortgagee, after an examination of the records, found the legal title in the wife. He found her in possession of the land, living with her husband. He actually paid to her the consideration expressed in the mortgage. Under such facts, in the absence of proof tending to show that he had notice that her title and possession were not what they purported to be, he was justified in doing what he did. The general rule is that, where one of two innocent parties must suffer from a wrong, he must bear the loss whose action enabled the wrong to be done. Marden v. Dorthy, 160 N. Y. 39, 54 N. E. 726. It was the act of the plaintiff which rendered it possible for the defendant Mary A. Reilly to give the mortgage, and, the defendant Brown having in good faith advanced money upon the strength of her apparent title, we think it must be held that the mortgage is a valid lien upon the land as security for the money advanced. The deed was not void, it was only voidable; and until it had been set aside, or notice in some way given, a person dealing in good faith with the grantee, and parting with money on the strength of her title, should be protected.

The judgment appealed from should therefore be modified to the extent of holding that the mortgage is a valid lien upon the premises described for the amount therein specified, with interest thereon, and as so modified affirmed, without costs to either party. All concur; VAN BRUNT, P. J., in result.

---

(63 App. Div. 240.)

### WIENBERGER v. METROPOLITAN TRACTION CO.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. REFERENCE—PARTIES—SUBSTITUTION—MOTION.

In an action against a street-railway company, a reference should not be had to determine questions arising on plaintiff's motion to substitute another company as defendant on the ground that service was intended to be made on the latter company.

2. SAME.

Where limitations would be a bar to another action against defendant, a default against plaintiff, owing to his attorney's negligence, taken before a referee appointed to determine questions arising on plaintiff's motion to substitute another for defendant on the ground that the latter was intended to be served, was properly opened to permit plaintiff to proceed to a hearing on the merits of his motion to amend.

Appeal from special term, New York county.

Action for injuries by Pincus Loeb Wienberger against the Metropolitan Traction Company. Appeal by defendant from an order granting plaintiff's motion to open his default before a referee appointed to determine questions arising on a motion made by plaintiff to substitute the Metropolitan Street-Railway Company for the Metropolitan Traction Company as defendant herein, upon the ground that service was intended to be made upon the former company, and

also from an order entered at the same time and place denying defendant's motion (1) to confirm the report of the referee on said reference, and (2) for the denial of plaintiff's motion to amend his complaint, and to have defendant's said motion referred to the justice presiding when the order of reference was granted, the motion having been adjourned pending the reference. Affirmed.

The action is brought to recover $25,000 damages sustained by plaintiff, and alleged to have been caused by the neglect in the operation by defendant of a street car on Sixth avenue, between Ninth and Tenth streets, on the 4th day of March, 1896. According to an affidavit presented by defendant, the action was commenced on the 23d day of June, 1896, by the service of a summons, and the complaint was not served until nearly four months thereafter; but an affidavit presented by the plaintiff shows that the action was not commenced until the 10th day of October, 1896, and that the summons and complaint were served together. The summons was served upon Daniel B. Hasbrouck at the office of the Metropolitan Street-Railway Company, he then being its vice president. Issue was joined on the 9th or 19th day of November, 1896, according to whether the affidavit presented by the defendant or that presented by the plaintiff is correct. There have been three substitutions of attorneys for the plaintiff. At the time this action was commenced, each of these companies owned and operated a line of street railway in the city of New York. Henry A. Robinson, who appeared for the Metropolitan Traction Company herein, was attorney for both. The order of reference was granted on the 16th day of September, and entered on the 18th day of September, 1899, and motion was adjourned pending the reference. The first hearing was had on February 15th thereafter. On May 31st, after several hearings and 19 adjournments, plaintiff defaulted, his attorney having previously withdrawn from the case. At this time an adjournment was had, at the request of an attorney who contemplated being substituted for plaintiff, until the 7th day of June, at which time, on defendant's motion, the reference was declared closed. On the 31st day of December, 1900, plaintiff's counsel made a motion before the referee to open the default. This motion was granted on the 6th day of February, 1901, upon condition that plaintiff pay to defendant's attorney the sum of $25 on or before the 12th of that month; and the reference was adjourned until the 14th day of February, at which time, the costs not having been paid, plaintiff's counsel moved for an adjournment to February 21st to give plaintiff an opportunity to comply with the terms of the order, and stated that he had been informed by his client that the latter would have the money on the 15th. The motion was denied, and on defendant's motion the reference was declared closed. The referee made and signed his report on the 18th of February, wherein he found that plaintiff had failed to establish the facts set forth in his moving papers. The report was filed on the 19th day of March, and the notice of motion to confirm the same was served on the 23d day of March, 1901, returnable on the 28th of the same month. The motion was adjourned at the instance of plaintiff until the 8th of April, 1901, at which time an order to show cause why the default should not be opened, obtained by plaintiff on the 6th of April, was made returnable. It appeared that defendant, after plaintiff's last default, paid the fees of the referee, amounting to the sum of $200, and took up the report. An affidavit presented by defendant shows that proceedings for the voluntary dissolution of the Metropolitan Traction Company were taken on the 16th day of September, 1897, but it does not appear whether a final order has been entered thereon.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

John T. Little, for appellant.
Carl L. Shurz and Samuel Marcus, for respondent.

LAUGHLIN, J.  Owing to the reference, the motion to substitute the street-railway company for the traction company herein has been pending undetermined almost two years.  This inexcusable delay of the trial of the issues, and unjustifiable expense to the litigants, warrant the court in again expressing its disapproval of references to determine controverted questions of fact arising upon motion, except very exceptional cases, where the facts are complicated, and it is manifest that the truth cannot be ascertained with reasonable certainty without an examination of the witnesses.  We think the case could and should have been disposed of without a reference.  If the plaintiff's affidavit did not sufficiently present the facts, his motion might have been denied without prejudice to a renewal thereof; and, if those presented by defendant were insufficient, the motion might have been continued, and an opportunity afforded to supplement them.

As the statute of limitations would be a bar to an action now commenced against the railway company, we think justice to the plaintiff, notwithstanding the gross laches of his former attorneys, requires that he be permitted to proceed to a hearing upon the merits of his motion to amend.  The plaintiff, however, should have made his motion before defendant, acting upon the default, paid the referee's fees. The order, therefore, should be modified by requiring that defendant be reimbursed the amount of the referee's fees and $10 costs of the motion, in addition to the $25 allowed by the special term, and by further providing that $10, costs of this appeal, and the disbursements thereon, be awarded to defendant, to abide the final award of costs in the action.  All concur.