EDDY, Appellant, v. SPAULDING et al., Respondents. (Supreme Court, Appellate Division, Second Department. November 18, 1904.) Action by Jane B. Eddy against Bernard Spaulding and others. From an order perpetually staying the execution of a judgment of foreclosure and sale, plaintiff appeals. Affirmed.

J. A. Young, for appellant. Brainard Tolles (Garrard Glenn, on the brief), for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

HOOKER, J. (dissenting). This action was commenced on the 25th day of January, 1878, for the foreclosure of a mortgage bearing date the 1st day of May, 1877, made and executed by the defendants Spaulding to the plaintiff. After the execution and delivery of the bond and mortgage, Bernard Spaulding conveyed the mortgaged premises to the defendant McCrea, who took title to the same without assuming the mortgage or agreeing to pay the mortgage lien. The judgment of foreclosure and sale was entered on the 6th day of May, 1878, and no further steps or proceedings were taken in the action until May 4, 1904, after the expiration of 26 years, when notice of sale was served. Before the date set for the sale this motion was made by the defendant McCrea for an order perpetually staying the execution of the judgment of foreclosure and sale. The motion resulted in an order directing that the questions of fact arising upon the affidavits submitted on the motion be referred to a referee, to take proof of the facts and report to the court as to the truth of the matters alleged in the affidavits, and upon the law as well as the facts; and from that order the plaintiff has appealed. In Buchholtz v. Florida East Coast Ry. Co., 59 App. Div. 566, 69 N. Y. Supp. 682, the court condemned the practice of directing a reference on a motion to take further proof, except in very unusual and exceptional cases, reversed an order directing a reference, and remitted the proceeding to the Special Term for decision. It was there said that, if further proof was essential, the court should have allowed or directed additional affidavits to be used by either party. In the same department of this court, in Weinberger v. Metropolitan Traction Co., 63 App. Div. 240, 71 N. Y. Supp. 289, it again condemned the practice, except in very unusual and exceptional cases, and states what we believe to be the correct rule and procedure in this language (page 242, 63 App. Div., and page 291, 71 N. Y. Supp.): "This inexcusable delay of the trial of the issues and unjustifiable expense to the litigants warrants the court in again expressing its disapproval of references to determine controverted questions of fact arising upon motion, except very exceptional cases, where the facts are complicated, and it is manifest that the truth cannot be ascertained with reasonable certainty without an examination of the witnesses. We think the case could and should have been disposed of without a reference. If the plaintiff's affidavit did not sufficiently present the facts, his motion might have been denied, without prejudice to a renewal thereof; and if those presented by defendant were insufficient, the motion might have been continued; and an opportunity afforded to supplement them." What was said in Wamsley v. Horton & Co., 68 Hun, 549, 23 N. Y. Supp. 85, is as true as when it was uttered: "We concur with the counsel for the appellant that references under section 1015 of the Code in respect to disputed questions of fact arising upon motions should only be ordered in extraordinary cases. In fact, it should only be resorted to when such a reference is absolutely necessary to determine questions of fact which are of vital importance arising upon motions before the court. A reference upon a motion is frequently a great abuse of the discretion vested in the court by this section, as it requires large expenditures of money, in the shape of referees' and stenographers' fees and to procure the attendance of counsel, which are utterly disproportionate to the importance of the questions involved, either in the action or upon the motion. We think, therefore, that in the case at bar, upon the facts presented, the court should not have ordered the reference from which an appeal is taken. But we are of opinion, in view of the conclusions arrived at by the court, as evidenced by its opinion, and which were justified by the papers before it, that it should have disposed of the motion by denying the same." The affidavits read in support of the motion recited the proceedings that had been had in the action, stated that the defendant McCrea had never within the past 25 years recognized the mortgage as a valid lien on her property, and that by reason of the great lapse of time since the entry of judgment she believed that the mortgagor in his lifetime paid the mortgage. The affidavit of the husband of the moving defendant states that he, as attorney for his wife, had always intended to attend any sale that might be made of the premises by virtue of the decree; that no agreement was ever made authorizing the plaintiff to take possession of the premises under her mortgage, and that he was not aware she had claimed to do so at any time; that the greater portion of the premises was covered by small woods, weeds, and wild grass; that it bears unmistakable evidence of having never been tilled; and that a small fractional part has recently been plowed and cultivated. To the affidavit of Tolle is annexed a plot of the premises, and in his affidavit he says that there has never been any building upon the premises, and that during the past 20 years it has been wild and uncultivated, except that a small fractional part thereof has been plowed recently. The affidavit of the plaintiff, read on behalf of the appellant in opposition to the motion, after reciting the proceedings had in the action, states that within three months after the entry of judgment of foreclosure and sale she entered into actual possession of the premises, and has remained so continuously to the present time; that she has continuously cultivated and improved them; that corn, potatoes, grass, and other crops have been continuously raised by her; that the land has been fertilized and cultivated continuously, and that there are at present growing crops thereon; that no claim adverse to her title or right to possession has ever been advanced by the defendant McCrea, or any one in her behalf; and that she has occupied without let or hindrance or payment of rent. The affidavit of Gedney, who has been an assessor in the town in which the premises are situated, and has been in the employ of the plaintiff, states that in 1901 and 1902 he was the superintendent employed by her on the property, and that during said two years, and ever since 1878, the property has been cultivated and improved; that he lives near the property

and has seen it under cultivation; and that numerous crops have been raised and gathered there. In my opinion, under the rule which I believe to have been correctly stated in interpreting section 1015 of the Code of Civil Procedure by another department of this court, no unusual or exceptional case is presented which should have prompted the direction of a reference as to the facts on this motion. Whatever common-law presumption of payment of the amount found due on the mortgage may exist after the lapse of so long a time presented to the learned Special Term, in the absence of statements in the opposing affidavits that the amount found due has never been actually paid, questions which should have been decided by the court, and not sent to a reference, where frequently the delay, expense, and inconvenience mean a serious menace to the orderly administration of justice. So, too, upon the question, if there was any materiality in it, of the plaintiff's possession. If the affidavits were so loosely drawn that the court felt it had not before it sufficiently definite statements upon which to predicate a finding of fact, it might either have denied the motion, without prejudice to the plaintiff's renewing it, or have held it for further affidavits upon the part of the defendant, or even have held the matter that papers in reply might be served and read by the moving party. The facts are not complicated, and it was possible to ascertain the truth without the examination of witnesses before a referee. The order should be reversed, with $10 costs and disbursements, and the proceeding remitted to the Special Term for decision.