(58 Misc. Rep. 353.)

JOHNSON v. WELLINGTON COPPER MINING CO. et al.

(Supreme Court, Special Term, New York County.    March, 1908.)

1. REFERENCE—MOTIONS—INFORMATION FOR JUDGE.

Code Civ. Proc. § 1015, providing that the court may direct a reference to determine and report on the question of fact for the information of the court, does not authorize the taking of a deposition to be used in opposing a motion to vacate supplemental summons, and, where the court deems further proof necessary to determine a disputed question of fact, the reference under such section should be ordered only in an exceptional case.

2. DEPOSITIONS—APPLICATION—AFFIDAVIT.

Where depositions of witnesses are necessary to oppose a motion to vacate a supplemental summons and the witnesses have refused to make affidavits, and the opposing affidavits of the persons proposed to be examined do not appear to be full on the points within their knowledge, an order of reference to take their depositions under Code Civ. Proc. § 885, authorizing the taking of depositions of witnesses in possession of facts material to the defense of a motion, should be granted.

Action by William L. Johnson against the Wellington Copper Mining Company, impleaded with others.    Motion to cross-examine witness.    Granted.

Hornblower, Miller & Potter, for plaintiff.

M. E. Harby, for defendant Wellington Copper Mining Company.

LEVENTRITT, J.  By this motion it is sought under section 1015 of the Code to cross-examine Julia Howe Bigelow, upon whom, as secretary of the Wellington Copper Mining Company, the supplemental summons was served, with respect to matters relating to that company in order to controvert facts alleged by her upon a motion to vacate the supplemental summons and service thereof.    The section referred to provides:

"The court may likewise, of its own motion, or upon the application of either party, without the consent of the other, direct a reference to take an account, and report to the court thereon, either with or without the testimony, after interlocutory or final judgment, or where it is necessary to do so, for the information of the court; and also to determine and report upon a question of fact, arising in any stage of the action, upon a motion, or otherwise, except upon the pleadings."

This section does not authorize the relief asked for.    No disputed question of fact concerning which the court needs information has arisen upon any motion, and the statute does not authorize a reference in any other event.    The real object sought to be obtained is to take the deposition of the party sought to be examined for use in opposing a motion to vacate the supplemental summons.    Section 1015 does not provide for such a deposition.    Furthermore, it has been held that a reference under section 1015 to aid the court in deciding a motion should not be ordered except in an unusual and exceptional case and where, after the parties have been heard, the court deems further proof essential to the decision of disputed questions of fact.  Buchholtz v. Florida East Coast R. Co., 59 App. Div. 566, 69 N. Y. Supp. 682;  Weinberger v. Metropolitan Traction Co., 63 App. Div. 240, 71

N. Y. Supp. 289; Matter of Hanlein, 65 App. Div. 159, 72 N. Y. Supp. 433. Motion denied.

On January 15, 1908, a motion was made by the defendant the Wellington Copper Mining Company to set aside and vacate the supplemental summons and the service thereof. The motion was based on the affidavit of one Julia Howe Bigelow, upon whom, as secretary of the Wellington Company service was made. She admitted that she was the secretary of the corporation, and alleged that the regular places of business thereof were in Phoenix, Ariz., and in Custer, N. M.; that at the time of the service of the supplemental summons the corporation did not conduct its business or any part thereof in the state of New York or under the laws of the state of New York, and did not own any property or keep any money, rights, or choses in action in this state; that it did not employ and maintain here any office, officers, clerks, or representatives, and that no part of the business of the corporation is done at the office of the affiant; that the company does not pay any salaries for services performed or keep or maintain any office or other place of business, or pay any part of the rent of any office within the state.

The plaintiff now moves, under section 885 of the Code, for an order of reference to take the deposition of certain witnesses alleged to be in possession of facts material to a defense of the motion to vacate the supplemental summons and its service. The moving affidavits comply with the requirements of the statute. It is shown that the deposition is necessary to the opposition of the pending motion to vacate, and that the witnesses sought to be examined have refused to make affidavits of facts stated to be within their knowledge. These facts bear directly upon the merits of the motion. The person by whom the proposed affidavits were presented to the witnesses swears that the witness Leland read the affidavit prepared for her, and stated that she would not sign it until she had spoken to some one concerning it; that thereupon she went into another room, and upon her return said she would not sign any paper in the matter; that the witness Kinkade read over the affidavit presented to him, and stated that he would not sign it, nor give any statement of the facts nor sign any affidavit that was presented to him; that the witness Curtis read the first page of the affidavit prepared for his signature and refused to sign it, although he stated that he would not refuse to sign it until he had consulted counsel. These statements are not denied in the affidavits submitted in opposition to the motion, which are limited to a denial of knowledge of certain facts and an admission of others contained in the affidavits submitted to them by the plaintiff. The witnesses sought to be examined now present affidavits in which, by reference and cross-reference, they attempt by process of exclusion to limit their knowledge of the matters concerning which their deposition is requested. In some instances material allegations have either been overlooked or intentionally not denied. As a whole, these affidavits are apparently not full and frank upon all the points within the knowledge of the affiants and to which their affidavits have been and their depositions are now requested. It is evident that the section of the Code which governs this application was intended to promote the

ends of substantial justice, and I am of the opinion that a proper case is presented calling for the exercise of the court's discretion, sufficient foundation having been laid therefor.

The motion to examine the witnesses, therefore, will be granted. Settle order on notice.

Ordered accordingly.