MUNICIPAL MORTGAGE COMPANY, Appellant, *v.* FOUR HUNDRED SIXTY-ONE EIGHTH AVENUE COMPANY, INC., and Others, Defendants, Impleaded with DODGE PUBLISHING COMPANY, Respondent.

First Department, February 4, 1921.

Process — when service of summons on corporation will not be set aside because not made on proper person — facts showing that person served was managing agent — reference to take proof and report denied.

The service of a summons on a corporation will not be set aside on the ground that it was not made on a managing agent, officer or any other person authorized to receive service, where facts are established showing the exercise of the powers of a managing agent by the person who alone is in apparent charge and control of the corporation's affairs and where such facts are undisputed and the issue is sought to be raised solely by a statement of affiant's conclusion as to the agent's lack of authority.

Furthermore, a reference should not be ordered under such circumstances to take proof and report, but the motion should be decided upon the facts before the court; where the facts are undisputed it is only in a very unusual and exceptional case that the reference should be ordered to aid the court.

APPEAL by the plaintiff, Municipal Mortgage Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the the county of New York on the 21st day of December, 1920, referring the issue with respect to the service of the summons and complaint on the defendant Dodge Publishing Company and appointing a referee to take proof and report.

*Harold Swain* of counsel [*Benjamin G. Bain* with him on the brief], for the appellant.

*I. T. Flatto*, for the respondent.

DOWLING, J.:

This action was brought for the foreclosure of a fourth mortgage amounting to $125,000 on premises 461-479 Eighth avenue, in the borough of Manhattan, city of New York. The action was commenced April 23, 1920, and the summons and complaint were served on May 4, 1920, on the Dodge Publishing Company, which was the tenant of the eighteenth floor of said building, by delivering a copy of same to Edwin M. Gamble who is claimed to have been, at the time, the managing agent of the Dodge Publishing Company. Judgment of foreclosure and sale was entered herein on November 9, 1920, and the referee appointed thereby made sale of the premises at public auction on December 1, 1920, for the sum of $232,000, and the referee's deed upon the payment of the purchase price was delivered on December 7, 1920. On December 3, 1920, the Dodge Publishing Company obtained an order to show cause why an order should not be made vacating and setting aside in all respects the service of the summons and complaint upon it. The moving affidavit of John C. Hill, president of the Dodge Publishing Company, sets forth that " Neither an officer, director or any person in authority to receive a summons and complaint in the above-entitled action on behalf of the Dodge Publishing Company was ever served." Further that " Mr. Gamble was neither managing agent at that time [the time of the alleged service] or at any other time, and was never an officer or director of the corporation, and was never authorized and was not the proper person to be served with any legal papers in any action on behalf of the corporation, if he was served." The answering affidavits set forth the efforts made to serve the summons and complaint herein upon some officer of the Dodge Publishing Company. The president thereof, who made the affidavit upon which motion was made to vacate the service of the summons, resides in East Orange, N. J., and had not been seen at the office of his company for several months prior to the com-

mencement of the action. The Corporation Directory for the year in question gave the name of the said president as the only officer thereof, with three directors, himself, A. S. Hill and L. E. Krieg. When Miss L. E. Krieg was found she was served with the summons, but stated that she had resigned as a director of the company in 1918, and was not connected therewith in any way; that she had never known any one by the name of A. S. Hill as being connected therewith, and the only officer and director she had heard of was John C. Hill, its president. The City Directory gave the same information as to the officers and directors of the company as the Corporation Directory. Repeated efforts to find John C. Hill, president of the company, made by several parties were unsuccessful. The person in charge of the Dodge Company affairs was Edwin M. Gamble who had charge of the office and was so characterized by the girl in charge of the information desk therein. The only person to whom inquiries for information were referred was said Gamble. Gamble represented the company and gave all the directions as to the repairs and alterations in its leased premises between May 1, 1917, and October, 1918, when a great many alterations and repairs were made therein, and the only officer who ever appeared at the office was Hill, the president, who left the management of the company apparently in Gamble's hands. This is shown by the affidavit of the person in charge of the repairs and alterations in said building at the time in question. The freight superintendent in the building made affidavit that all directions in regard to the disposition of freight consigned to the Dodge Publishing Company, and orders for all night work done in connection therewith, were given by Gamble, and although Hill was known to be the president of the Dodge Publishing Company, Gamble was the only man who ever gave directions in connection with its affairs. In connection with the desire of the United States government to obtain possession of the entire building in question for war department purposes, a committee of tenants was appointed by the tenants in the building, and at meetings thereof the Dodge Publishing Company was represented by Gamble. None of these facts is disputed by any replying affidavit. So far as the affidavit of Hill is concerned, I am of the opinion that it was insufficient

to meet the statements of facts showing the authority exercised by Gamble and upon which he was accepted by every one doing business with the company as its managing agent. The mere statement of affiant's conclusion as to the lack of authority upon the part of the alleged agent is not sufficient. (*Wamsley* v. *Horton & Co.*, 68 Hun, 549.) Where facts are established showing the exercise of the powers of a managing agent by the person who alone is in apparent charge and control of the corporation's affairs and where such facts are undisputed and the issue is sought to be raised solely by a statement of affiant's conclusion as to the agent's lack of authority, a reference is unnecessary and should not be ordered, but the motion should be decided upon the facts before the court; where the facts are undisputed it is only in a very unusual and exceptional case that the reference should be ordered to aid the court. (*Buchholtz* v. *Florida East Coast R. Co.*, 59 App. Div. 566.)

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.