ALICE M. CAMPBELL and FLORENCE E. CAMPBELL, Respondents, v. BERNARD A. GRAY and Others, Appellants.— Order reversed upon the facts, in the exercise of discretion, without costs of this appeal to any party, and motion for the appoint-

ment of a temporary receiver denied and motion in so far as it prays for a temporary injunction granted in part, without costs. Memorandum: The determination of the issues referred will practically decide the action. The determination of the referee is to be used to decide a preliminary motion. It will be necessary to retry these same issues before a final judgment can be granted. (*Bannon* v. *Bannon*, [1936] 270 N. Y. 484.) Whether a receiver should be appointed depends upon the findings to be made as to the issues referred. We believe that it is not necessary to have two trials of the issues, that the decision as to the appointment of a receiver may well be delayed until the trial of the issues has been had in the regular way. A term of court at which this action may be brought to trial will be held in Jefferson county, commencing on the sixth day of June. Thus the issues in this case may be tried and decided at a date at least as early as that at which it will be possible to have the issues decided by a referee for use upon a preliminary motion. Under the circumstances the order of reference was improperly granted. (*Municipal Mortgage Co.* v. *461 8th Ave. Co., Inc.*, 195 App. Div. 370; *Slutzkin* v. *Gerhard & Hey, Inc.*, Id. 559; *Miller* v. *Albertina Realty Co., Inc.*, 198 id. 340; *Clift & Goodrich, Inc.*, v. *Collier Mills, Inc.*, 204 id. 539; *Shillman* v. *Toulson*, 211 id. 336.) Therefore, the motion to dismiss the appeal should be denied and the order should be reversed upon the facts in the exercise of discretion, without costs, and the motion for the appointment of a temporary receiver denied and the motion for a temporary injunction granted, without costs, and the defendants restrained during the pendency of the action from transferring or pledging or incumbering any of the shares of stock of the Dexter Sulphite Pulp and Paper Company and from transferring or incumbering any of the real or personal property of the defendant Dexter Sulphite Pulp and Paper Company, except so far as it may be necessary to sell and dispose of products and personal property of the Dexter Sulphite Pulp and Paper Company in the conduct of its usual and ordinary business. All concur. (The order refers issues to a referee in an action to determine ownership of stock.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.