GENERAL ELECTRIC COMPANY, Respondent, *v.* GOLDEN RULE APPLIANCE Co., INC., Appellant, et al., Defendant.

First Department, April 23, 1957.

*Thomas J. Burns* of counsel (*Raphael, Searles, Levin & Vischi,* attorneys), for appellant.

*William D. Conwell* of counsel (*White & Case,* attorneys), for respondent.

*Per Curiam.* This court has repeatedly held that orders of reference upon the disposition of motions are not encouraged and should be made rarely and resorted to only in exceptional cases where the interests of justice require the unraveling of complicated facts which cannot be determined upon hopelessly conflicting affidavits. (*Shillman* v. *Toulson,* 211 App. Div. 336; *Slutzkin* v. *Gerhard & Hey,* 195 App. Div. 559; *Weinberger* v. *Metropolitan Traction Co.,* 63 App. Div. 240; *Wamsley* v. *Horton & Co.,* 68 Hun. 549.) It does not appear that the affidavits herein were so hopelessly complicated, when considered with the other factors, as to require Special Term to order a hearing.

There are no affidavits from the sales persons or the book-keeper to support the claim of defendant's president that he instructed said employees not to sell products manufactured by the plaintiff or that they, in fact, made no such sales. There

have been eleven prior violations of the permanent injunction resulting in four adjudications of contempt. Each such violation was categorically denied. Nine of the denials were subsequently withdrawn and in lieu thereof admissions made of said violations. The record abundantly sustains Special Term's exercise of its discretion in granting the motion to punish for contempt.

Furthermore, the affidavit of defendant's president, which lacks a verification date, is equivocal. The affidavit states (referring to sales slips produced by plaintiff) : '' The defendant Golden Rule Appliance Co., Inc., has no such register which would give this type of receipt. It is impossible to get a receipt of this kind from your deponent's store, since we have no available machine which would give a receipt of this kind or one similar to it. Our sales slip is a hand-written one, which is written out when a sale is consummated.'' The affidavit fails to state that the defendant never had such a machine or that such a register was never in defendant's store.

Although the afore-mentioned affidavit states that the business practice in Golden Rule Appliance Co. Inc., is to keep a tape which shows every sale made each and every day, no such tape was presented to Special Term.

The order appealed from should be affirmed, with $20 costs to the respondent.

BOTEIN, J. P., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondent.