■ In the Matter of S. LETO CONSTRUCTION CORP., Appellant, against LYMAN B. WENTWORTH et al., Respondents.— Petitioner appeals from a denial of motion to punish respondents for contempt of court. The proceedings arose as the result of an auction sale, pursuant to an order of the court, where it was claimed respondents made a bid which they thereafter failed to complete, necessitating a new sale for a lesser amount. Section 753 of the Judiciary Law defines the power of the court to punish for civil contempt. Appellant claims that the conduct of the respondent bidders herein was such as to be in total disregard of an order of the court and contumacious. Special Term made a finding that the proof demonstrated that the respondents' action was the result of a misunderstanding. We are satisfied that there is no clear showing of contumacious conduct on the part of the respondents sufficient to invoke the drastic remedy herein sought. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ HENRY MASTAN, Plaintiff, v. DESORMEAU DAIRY-VEND SERVICE, INCORPORATED, Defendant and Third-Party Plaintiff-Respondent. MARS, INC., Third-Party Defendant-Appellant.— Appeal from an order of the Supreme Court at Special Term which denied the motion of third-party defendant, a foreign corporation, to set aside the service of the summons on the ground that the person to whom it was delivered was not defendant's "managing agent" (Civ. Prac. Act, § 229, subd. 3). The test is whether the relationship is such as to justify the inference that notice given to the agent will be transmitted to the principal. (Tauza v. Susquehanna Coal Co., 220 N. Y. 259; Matter of Biddle Purchasing Co. v. Yung Hsing Trading Corp., 238 App. Div. 264; Ameritex Development Corp. v. Brown & Sites Co., 135 N. Y. S. 2d 478, 482.) In this case, it seems very clear that the agent's position was of such a nature and of such importance and responsibility as completely to justify that inference. He characterized himself as a salesman, his territory including several counties in New York and Pennsylvania. The corporation's volume of business with third-party plaintiff was substantial and it is reasonably inferable that its New York business was of some magnitude. Hence there is some significance in the considerable extent of this agent's territory and in the fact that he was not subordinate to any employee in New York, his immediate superior being the company's eastern sales manager, whose office was in New Jersey. Third-party plaintiff dealt with the corporation through this agent exclusively and the latter not only solicited orders from third-party plaintiff and inventoried its stock but transmitted to it, as a wholesaler, orders which he obtained from the retail trade. This agent had authority, also, to pass on complaints as to defective merchandise and to make adjustments and give credit therefor. As was said in the opinion at Special Term, "It can hardly be said that Kearney is a mere underling with no power to represent or act on behalf of the third-party defendant." Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.