■ ROBERT JACOBS, Appellant, v ZURICH INSURANCE COMPANY, Respondent.—Order, Supreme Court, New York County, entered December 11, 1975, which confirmed the report of the Special Referee and granted the defendant's motion to dismiss the complaint for lack of jurisdiction, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Defendant moved for an order pursuant to CPLR 3211 (subd [a], par 8) dismissing the complaint on the ground that the court does not have jurisdiction of the person of the defendant. The motion was held in abeyance and the factual issue of whether proper service was effected upon defendant was referred to a Special Referee to hear and report. Defense counsel's endeavor to obtain an adjournment of the hearing before the Special Referee scheduled for May 2, 1975 because of actual engagement elsewhere, opposed by plaintiff's counsel, was unsuccessful. As a consequence, defense counsel rearranged his affairs so as to be able to proceed at said hearing. The sole proof submitted by plaintiff at the hearing was the affirmation of the process server, an attorney, dated August 27, 1974, wherein he averred that he served the summons on the corporate defendant by personally serving same on a Mr. Forward, that he "INTENTIONALLY and PURPOSEFULLY asked Mr. Forward if he was authorized to accept service of a summons" and upon receiving an affirmative response, he then served the summons on Mr. Forward. Since the process server did not testify at the hearing, his affidavit of service is admissible in evidence only insofar as it conforms to the requirements of CPLR 306, which pertinently provides, *inter alia,* that proof of service in the form of an affidavit "shall specify the papers served, the person who was served and the date, time, address, or, in the event there is no address, place and manner of service, and set forth facts showing that the service was made by an authorized person and in an authorized manner." A receptionist employed by defendant testified that Mr. Forward, who is no longer an employee of defendant, was the claims manager for defendant and that for the purpose of receiving summonses, process servers were directed to other people. The receptionist further declared that if no one was available, process servers, according to her belief, were sent to Mr. Forward. However, on redirect, she stated that she had no knowledge as to this practice. No witnesses were produced by plaintiff. As aptly noted in *Commissioners of State Ins. Fund v Singer Sewing Mach. Co.,* 281 App Div 867, 868: "The fact that the corporation ultimately received the summons did not * * * validate the service thereof. *(Josephy v. Kansas City, M. & O. Ry.,* 180 App. Div. 313, 315; *Beck v. North Packing & Provision Co.,* 159 App. Div. 418, 420). It is equally well settled that the validity of service by plaintiff cannot be made to turn upon any statement made by the person who actually received the summons, at the time he was served. *(Coler v. Pittsburgh Bridge Co.,* 146 N. Y. 281, 283; *Loeb v. Star & Herald Co.,* 187 App. Div. 175, 178.)" The court did not obtain jurisdiction of the defendant by the service of process upon Forward unless he was within the meaning of CPLR 311 (subd 1) "an officer, director, managing or general agent, or cashier or assistant cashier or * * * any other agent authorized by appointment or by law to receive service". "The

well-established rule is that a 'managing agent' is 'some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity and under the direction and control of a superior authority, both in regard to the extent of his duty and the manner of executing it.' *(Taylor v. Grande State Provident Assn.,* 136 N. Y. 343, 346; see, also, *Barrett v. American Tel. & Tel. Co.,* 138 N. Y. 491; *Holzer v. Dodge Bros.,* 233 N. Y. 216; *Callan v. Lillybelle, Ltd.,* 20 A. D. 2d 877, app. dsmd., 16 N. Y. 2d 1074)" *(Isaf v Pennsylvania R. R. Co.,* 32 AD2d 578, 579). In *McDonald v Ames Supply Co.* (22 NY2d 111, 114-115), Chief Judge, then Judge Breitel, succinctly observed: "Numerous authorities hold that personal delivery of a summons to the wrong person does not constitute valid personal service even though the summons shortly comes into the possession of the party to be served [citations] A contrary rule would negate the statutory procedure for setting aside a defectively served summons, since the motion itself is usually evidence that the summons has been received [citations] Contrary to [third-party plaintiff's] argument, it has been held that redelivery of a summons by the person to whom delivery was wrongly made does not constitute personal 'delivery' to the ultimate proper recipient [citations]." The burden of proving jurisdiction is upon the party asserting it and when challenged on jurisdiction, such party must sustain that burden by preponderating proof *(Saratoga Harness Racing Assn. v Moss,* 26 AD2d 486, 490, affd 20 NY2d 733). Patently, on this record plaintiff failed to sustain his burden of proof. Concur—Markewich, J. P., Lupiano and Lynch; Kupferman and Silverman, JJ., dissent in the following memorandum by Silverman, J.: Silverman, J. (dissenting). I would reverse the order below and deny defendant's motion to dismiss the complaint for lack of in personam jurisdiction. In general I think justice is not served by dismissal for irregularities in service of process where the defendant is subject to service within the State, a good faith effort is made to effect service, the summons is delivered to a responsible employee of defendant who however does not otherwise qualify as a "managing agent" of defendant, and the proper officer or attorney of the defendant promptly receives the process intended for the defendant. In such cases, I think the presumption should be in favor of applying CPLR 2001: "At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." In such circumstances the defect in service should be held to be "an irregularity which may and should be disregarded." *(Matter of Knickerbocker Ins. Co. [Gilbert],* 28 NY2d 57, 65.) In the present case the process server went to defendant's office. He presented himself to the receptionist, an employee designated by defendant to receive and direct business visitors. He told her he had a summons to serve on the defendant. She directed him to Mr. Forward, an employee of the defendant of some responsibility, a "claims manager" of defendant, though it is now contended not a "managing agent." He delivered the process to Mr. Forward who promptly forwarded it to the appropriate officers and attorneys of defendant. In these circumstances I think the service of process should be deemed valid. In *McDonald v Ames Supply Co.* (22 NY2d 111, 115), the Court of Appeals invalidated a service where a summons was simply left with a building receptionist not employed by defendant. But the court said: "Distinguishable are those cases in which the process server has acted reasonably in placing the summons within reach of the defendant, and therefore, with 'due diligence' in fulfilling the

statutory requirement of personal delivery (compare CPLR 308, subd. 3). In such cases, service is sustained even though the process server did not in fact hand the summons to the proper party." CPLR 311 (subd 1), requires service upon a "managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." The question of who constitutes a "managing agent" should be determined in the context of the purpose of this statute. We are after all not concerned with whether a long term contract executed by the particular agent binds the corporation. Rather the "test is whether the relationship is such as to justify the inference that notice given to the agent will be transmitted to the principal." *(Mastan v Desormeau Dairy-Vend Serv.,* 11 AD2d 860; *Matter of Biddle Purch. Co. v Yung Hsing Trading Corp.,* 238 App Div 264, 265.) In the situation of service on an agent of a foreign corporation, Judge Cardozo said: "If the persons named are true agents, and if their positions are such as to lead to a just presumption that notice to them will be notice to the principal, the corporation must submit" *(Tauza v Susquehanna Coal Co.,* 220 NY 259, 269). In recent years there has been a trend away from excessively formalistic requirements as to service of process. Thus the former magical requirement of physically handing the summons to an individual defendant is no longer required; a summons may be delivered to a person of suitable age and discretion at the place of business or dwelling of an individual defendant and a copy mailed to him at his last known residence, all without court order or any showing that there is any difficulty about handing the summons to the defendant. (CPLR 308, subd 2.) It would be in line with these modern trends to interpret the phrase "managing agent" in CPLR 311 to include any employee of some responsibility to whom the summons is in fact delivered and who in fact promptly forwards it to the officers or attorneys of the defendant corporation. "It may fairly be said that there is a duty upon persons within the jurisdiction to submit to the service of process." *(Gumperz v Hofmann,* 245 App Div 622, 624.) Defendant corporation was under such a duty. Its duly authorized employee, the receptionist, directed the process server to the person to whom the process server delivered the summons. I think the corporation should be estopped to say that the summons was delivered to the wrong person. The present case involves apparently a foreign corporation, doing business in this State and concededly subject to the in personam jurisdiction of the courts of this State, who received full and formal notice of the suit, and the defendant has not defaulted and was represented by an attorney in the proceeding. Yet the parties have been litigating for two years about whether the responsible employee who received the papers was responsible enough; and plaintiff is to be barred by the Statute of Limitations because it has been determined that the employee who received the papers was not responsible enough. A mature jurisprudence should not tolerate such procedural waste and miscarriage of justice. The precise purpose of CPLR 2001 is to prevent both such miscarriages of justice and procedural in-fighting. The section should be applied so as to treat the defect as a mere irregularity to be disregarded. Such a determination would also be in accord with the suggestion of the leading textbook on New York civil practice with respect to service on managing agents: "A more liberal rule would seem desirable under the liberal interpretation which has been accorded to the CPLR in general." (1 Weinstein-Korn-Miller, NY Civ Prac, par 311.04.) I should add that the foregoing observations refer only to cases where there is a good faith and diligent effort to make service upon the defendant corporation by delivery to a responsible employee and the defendant corporation in fact timely and concededly receives the process.