**BEECHAM, INC., Plaintiff,**

v.

**CERTIFIED CHEMICALS, INC., Defendant.**

No. 78 Civ. 6112 (KTD).

United States District Court, S. D. New York.

June 4, 1979.

Graham, Campaign & McCarthy, New York City, for plaintiff; H. John Campaign, New York City, of counsel.

Shatzkin, Cooper, Labaton, Rudoff & Bandler, New York City, for defendant; Edward Labaton, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

The plaintiff, Beecham, Inc., brought this action against Certified Chemicals, Inc. alleging trademark infringement (15 U.S.C. §§ 1121, 1125(a)) and a host of pendent claims. In particular, plaintiff charges that defendant's "Soft 'N Lovely" bath products infringe upon plaintiff's "Calgon" bath products.

Certified has moved pursuant to Fed.R. Civ.P. 12 to dismiss the complaint on the grounds that the court lacks jurisdiction over Certified or that the venue is not properly laid in the Southern District of New York. Alternatively, Certified seeks a transfer of the instant action to New Jersey based upon its numerous contacts with the suit and the paucity of contacts here in New York. These motions are denied.

The plaintiff, Beecham, is a New Jersey corporation having its principal place of business in Clifton, New Jersey. The defendant, Certified, is a Delaware corporation having its principal place of business in Camden, New Jersey. In addition, both parties admit that all the records upon which they will rely at trial are housed outside of New York State. Those of Certified are in Camden, New Jersey and those of Beecham are in Pittsburgh, Pennsylvania. Finally, the products in issue are both manufactured and in large part distributed outside of New York State.

It is settled in this Circuit that in the case of alleged trademark infringements the wrong takes place "not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs." *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir.), cert. denied, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956). *See also Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886, 888–89 (S.D.N.Y.1974). Accordingly, since defendant admits selling the allegedly infringing products in New York, albeit through independent brokers, this constitutes tortious conduct within the state and triggers the provisions of New York's Long-Arm Statute. N.Y.Civ.Prac.Law § 302(a)(2) (McKinney 1972). There is no suggestion that the sales in New York were made contrary to the orders of Certified nor even without its consent. Thus, this court has personal jurisdiction over the defendant in this action.

Furthermore, I find that venue was properly laid in this District. Not only was Certified "doing business" in New York by virtue of its New York sales, but the claim of infringement arose in New York by virtue of these very sales. Both grounds are sufficient under 28 U.S.C. § 1391 to place venue in the Southern District.

Finally, defendant requests that in the interest of justice I transfer this case to New Jersey pursuant to 28 U.S.C. § 1404(a). This request is denied.

The plaintiff's choice of forum is not to be lightly displaced. While defendant argues that all its witnesses and documents are in New Jersey, this is apparently not true for plaintiff. Indeed, the plaintiff has represented to this court by affidavit that it anticipates calling witnesses from New York. It has also represented that its advertising agency together with all advertising records are located in New York and that these records will be important during discovery and trial. Finally, plaintiff states that all its records pertaining to the manufacture of "Soft 'N Lovely" are located in Pittsburgh, Pennsylvania where Beecham

Products has its principal place of business. Thus, insofar as plaintiff is concerned, New York is at least as convenient as New Jersey and since it is the plaintiff's choice of forum this tips the scales in favor of New York.

Accordingly, defendant's motion to dismiss is denied as is its motion to transfer.

SO ORDERED.