**HERITAGE HOUSE FRAME AND MOULDING CO., INC., Plaintiff,**

v.

**BOYCE HIGHLANDS FURNITURE CO., INC., Defendant.**

**No. CV 80 1836.**

United States District Court,
E. D. New York.

Sept. 18, 1980.

Hopgood, Calimafde, Kalil, Blaustein & Lieberman by Paul T. Meiklejohn, New York City, for plaintiff.

Herbert Monte Levy, New York City, for defendant.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Plaintiff, a New York corporation, filed a complaint alleging that defendant, a New Hampshire corporation, is guilty of acts of unfair competition and trademark infringement. Defendant moved to dismiss the complaint on the grounds of lack of jurisdiction, improper venue and insufficiency of service of process. Initially, this court felt inclined to grant the motion insofar as plaintiff had submitted a dearth of proof on the jurisdiction issue. However, plaintiff has since rectified the matter and for the reasons stated herein, defendant's motion is denied.

■ The foundation of this court's jurisdiction was laid in *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633 (2d Cir. 1956), *cert. denied*, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956). In a case of alleged trademark infringements the wrong takes place "not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs. *Vanity Fair Mills, supra*, at 639.

■ In this case, plaintiff has submitted papers to the court which indicate that the defendant does sell its frames to wholesalers within New York, and that those wholesalers sell, in turn, to consumers within New York. Thus, since the court finds that defendant does regularly sell its products in New York, "albeit through independent brokers, this constitutes tortious conduct within the state" and triggers the provisions of New York C.P.L.R. § 302. *See Beecham, Inc. v. Certified Chemicals, Inc.*, 472 F.Supp. 348 (S.D.N.Y.1979).

■ Likewise, venue is proper in the Eastern District of New York. A civil action may be brought in the judicial district in which the claim arose. *See* 28 U.S.C. § 1391. *See also Sterling Television Presentations v. Shintron Co.*, 454 F.Supp. 183, 189–90 (S.D.N.Y.1978); *Factors, etc., Inc. v. Creative Card Co.*, 444 F.Supp. 279, 286 (S.D.N.Y.1977); *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886, 890 (S.D.N.Y.1974).

Here, plaintiff has presented us with information sufficient to demonstrate that the allegedly infringing goods were sold in the Eastern District of New York. While *Honda Associates, Inc. v. Nozawa Trading Inc., supra*, indicates that more than miniscule contacts are appropriate for determining venue, this court finds that plaintiff's affidavits satisfies the *Honda* tests. *See* Affid. R. Kaplan ¶¶ 3, 4, 5, 6, 7.

Defendant's final contention involving the alleged insufficiency of service is a measure more disturbing to the court. Defendant raises three issues, to wit: (1) the summons was not served on one of the persons enumerated in C.P.L.R. § 311; (2) the summons was not delivered pursuant to C.P.L.R. § 311 when the process server securely placed the summons in front of the door; and (3) F.R.C.P. 4(e) was transgressed when David Sears acted as process server.

■ Service is sufficient when the summons is served in the manner prescribed by state law. *See* F.R.C.P. 4(e). New York law provides that service may be made on a corporation by delivering the summons to an officer, director, managing or general agent, cashier or assistant cashier or any other agent authorized by appointment or by law to receive service. *See* C.P.L.R. § 311.

■ Here, the process server went directly to the defendant corporation's place of business. He attempted to leave the summons with a relative of the President of the corporation who was apparently in charge of the business at that time. As counsel stated, the test is not whether the summons was in fact delivered, but whether the one

served bears such a relationship to the corporation as to compel the inference that it will be. *See Mastan v. Desormeau Dairy–Vend Service*, 11 A.D.2d 860, 203 N.Y.S.2d 343 (3d Dep't 1960). It is established, however, that the person who "appears" to be in charge, qualifies as a managing agent for service; and further, that the person needs no formal title indicating the position. *See generally Municipal Mortgage Co. v. 461 Eighth Ave. Co.*, 195 A.D. 370, 186 N.Y.S. 322 (1st Dep't 1921). Thus, under the circumstances presented to the court, the relative qualified as a "managing or general" agent.

 With regard to defendant's second contention, C.P.L.R. § 311 precludes the use of the various service methods proffered by C.P.L.R. § 308. *See* D. Siegel, *New York Practice* 76 (1978). Thus, service should be made by personal delivery to one of the individuals listed in C.P.L.R. § 311. However, the process server merely has to "tender" the summons to the appropriate individual. Tendering the summons includes, not only hand delivery directly to the defendant, but also hand delivery of the summons near the defendant, for example, on a table or on the floor. *See, e.g., Levine v. Nat'l Transp. Co.*, 204 Misc. 202, 125 N.Y.S.2d 679˙ (Sup.Ct. Queens County), *aff'd*, 282 A.D. 720, 122 N.Y.S.2d 901 (2d Dep't 1953).

Here, the process server announced it was a summons and attempted to hand it to a person designated by C.P.L.R. § 311. Upon that person's refusal to accept the summons, the process server placed the summons nearby. Accordingly, the manner of service was appropriate.

Finally, it is clear that FRCP 4(c) is not affected by the strictures of state law. Thus, service must be made by a United States Marshal, his deputy or some specially appointed person. *United States for Use of Tanos v. St. Paul Mercury Ins. Co.*, 361 F.2d 838 (5th Cir.), *cert. denied*, 385 U.S. 971, 87 S.Ct. 510, 17 L.Ed.2d 435 (1966). Here an order was signed by a clerk of the United States District Court and it provided for a Mr. Cook, or his designee, to act as process server. The defendant contends that the order must be regarded as a nullity since it permits "an outsider, not the Court," to make the appointment of who shall serve process.[1]

While the court feels compelled to admonish the plaintiff for not following strictly the dictates of FRCP 4(c), the court finds that Rule 4(c) has not been transgressed. In essence, by permitting "Mr. Cook or his designee" to act as process server, service was made by a person "appointed by the court." This finding is further buttressed by the fact that plaintiff did not mistakenly attempt to use C.P.L.R. § 2103(a) in effectuating service pursuant to C.P.L.R. § 311(1). Here, a court order was obtained pursuant to FRCP 4(c). *See generally* 4 Wright & Miller, *Federal Practice and Procedure* : Civil §§ 1084–86, 1091.

Accordingly, service was proper and defendant's motion is denied in toto.

So Ordered.

---

1. In this case, Mr. Sears, the designee of Mr. Cook, eventually acted as process server.