## (April 30, 1981)

■ JUDITH A. STEINER, Respondent, v HARRY E. STEINER, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered July 25, 1978 in Albany County, which denied defendant's motion to dismiss the complaint and granted plaintiff's motion for temporary alimony and counsel fees. Plaintiff brought an action for divorce against defendant in New York State on the grounds of adultery, abandonment and cruel and inhuman treatment. Defendant was allegedly served personally on March 19, 1978 in North Carolina with a summons in the New York divorce action and with motion papers for alimony and counsel fees. Defendant also filed for divorce against plaintiff in the State of North Carolina on March 16, 1978. Plaintiff was served with process in the North Carolina action on March 20, 1978. Defendant moved on April 26, 1978 to have the New York action dismissed for lack of personal jurisdiction and on the grounds that there was another action pending between the parties for the same relief in North Carolina. Defendant alleges that he was never served with process in the New York divorce action and no jurisdiction was acquired over him. Plaintiff's supporting affidavit alleges that defendant had been personally served with a summons and the motion papers. Defendant's motion to dismiss was denied and an award of temporary alimony in the amount of $200 a week and counsel fees of $1,800 were granted to plaintiff by Special Term without a hearing. At issue here is whether Special Term erred in deciding the dispute over the issue of personal jurisdiction on the basis of affidavits alone and without a hearing. "The burden of proving jurisdiction is upon the party asserting it and when challenged on jurisdiction, such party must sustain that burden by preponderating proof" *(Jacobs v Zurich Ins. Co.,* 53 AD2d 524, 525, app dsmd 40 NY2d 844). The court was confronted in the instant proceeding by conflicting affidavits. These raised questions of fact which should have been resolved by a hearing so that credibility and accuracy could be assessed by a trier of facts. Plaintiff's supporting affidavits were not sufficiently persuasive to entitle her to the relief granted. We find that plaintiff has not sustained her burden of proof. In view of this determina-

tion, we withhold decision on the question of the appropriateness of the award of alimony and counsel fees until the hearing on the jurisdictional issue is held and said issue decided. Determination of appeal withheld, and matter remitted for a hearing in accordance with this memorandum. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.