NATIONAL SURETY CO. v. WINSTON et al.

(Supreme Court, Appellate Division, First Department.    April 3, 1914.)

CONTRACTS (§ 310*)—TERMINATION—INSOLVENCY.

> Defendants, upon being awarded a city construction contract, gave an undertaking by a surety company, and at the same time executed an agreement to indemnify the surety company and pay it an annual premium. The surety afterwards became insolvent and reinsured its risks with plaintiff surety company, assigning to it all of its indemnity agreements, etc. The original surety company still exists, in liquidation, and apparently its bond is still good, notwithstanding its insolvency. *Held,* that plaintiff surety company could sue for a premium due under the original indemnity contract executed by the insolvent company, as against an objection that the insolvency of the surety company necessarily terminated the indemnity contract; the city having accepted the substituted surety.
>
> [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1447; Dec. Dig. § 310.*]

Appeal from Trial Term, New York County.

Action by the National Surety Company against James O. Winston and Thomas S. Winston, partners as Winston & Co., and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

A. T. Clearwater, of Kingston, for appellants.
William R. Page, of New York City, for respondent.

SCOTT, J. Defendants were awarded a contract to construct a portion of the new aqueduct for the city of New York. They gave

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the city an undertaking of the Empire State Surety Company in the sum of $80,000, and at the same time executed an agreement to indemnify the Surety Company and to pay it an annual premium of $1,200, payable in advance on the 20th day of September, afterwards changed to the 20th day of February, in each year. The Empire State Surety Company became insolvent and is now in process of liquidation.

On September 18, 1912, the Empire State Insurance Company reinsured all of its risks with plaintiff and assigned to it all of its good will, agreements of insurance and reinsurance, indemnity agreements, and the like; plaintiff agreeing on its part to assume and fulfill all the outstanding contracts of the Empire State Surety Company. Neither the city of New York nor defendants were parties to this agreement, nor so far as appears have consented to it; but, on the other hand, it does not appear that the city has called on defendants to substitute other security. This action is for the premium which fell due February 20, 1912, which defendants refused to pay.

The appellant argues that by becoming insolvent the Empire State Company necessarily broke its contract with the city of New York to insure defendant's faithful performance of its contract, and consequently that the contract of indemnity failed of consideration to support it. This argument is supported by a line of cases holding that an insurer or casualty company upon becoming insolvent or reinsuring its policies, breaks its contract with its *policy holders,* and that they are not required to go on paying premiums or to accept the substitution of the reinsuring company.

The analogy is not perfect, however. Defendants are not, in the usual sense, policy holders of the Empire State Company. That company does not insure defendants. Its agreement with them is that it will insure the city of New York against any default on the part of defendants. If the city is content to accept the substituted surety, as it appears to be, defendants get all that they contracted for. So long as the city is satisfied, it can make no difference to defendants who the city accepts as surety. If it accepts any one, the defendants have received consideration for their indemnity agreement.

The Empire State Company still exists and is still liable upon its bond, and for all that appears its bond is perfectly good, notwithstanding its insolvency. It has simply superadded to its own responsibility that of plaintiff, and it, or its assignee, are entitled to enforce the indemnity agreement.

Judgment appealed from is affirmed, with costs. All concur.