NATIONAL SURETY CO. v. BREUCHAUD.   (No. 6608.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

INSURANCE (§ 680*)—REINSURANCE—PREMIUM—EVIDENCE—ADMISSIBILITY.

In an action by a surety company for the annual premium on a bond to a city given by another surety company, which was reinsured by plaintiff, where the original surety company was solvent at the time the premium became due, evidence that the city, after the annual premium fell due, requested defendant to substitute new sureties in place of some insolvent ones, among others, the original surety company, and that this was requested merely as a matter of business, because only two of the five original sureties were still in business, and not upon any legal grounds, was inadmissible, when it was not shown that plaintiff had notice of the request, or that defendant acted upon it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1813; Dec. Dig. § 680.*]

Appeal from Trial Term, New York County.

Action by the National Surety Company against Jules Breuchaud. Judgment for plaintiff, and defendant appeals.   Affirmed.

See, also, 151 N. Y. Supp. ——.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Vance Hewitt, of New York City (Enos S. Booth, of New York City, on the brief), for appellant.

William R. Page, of New York City, for respondent.

LAUGHLIN, J.   On the 7th day of December, 1909, the defendant entered into a contract with the city of New York for the construction of the head works of the Catskill Aqueduct at Ashokan Reservoir, near Brown's Station, New York, and the defendant gave various bonds, and, among others, one by the Empire State Surety Company in the penalty of $62,000 for the faithful performance· of the work.   Prior to the execution of the undertaking, and on the 3d day of the same month, the defendant applied to the surety company in writing for a bond of suretyship for the performance of this work, and he agreed, in the event that the surety company should execute the bond, to immediately pay it the sum of $5,733, and to pay it annually thereafter, on the anniversary of the date of the bond, one-half of 1 per cent. "of unfinished work as per engineer's estimate," until he should serve upon it, as therein prescribed, evidence of its discharge from liability as surety.   The defendant entered upon the performance of the work, and is still engaged thereon, and the surety has not been released.   On the 18th of September, 1912, said surety assigned its indemnity agreement to the plaintiff, together with all premiums due or to become due to it for having executed the bond; and the plaintiff entered into an agreement with the Empire State Surety Company, insuring it against liability on its outstanding bonds, and, among others, the bond in question.   This action was brought to recover the premium due on the 7th of December, 1912.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It was stipulated that on the 16th day of December, 1912, and at all times thereafter, the Empire State Surety Company was insolvent, and had retired from business, and was in process of liquidation by the state insurance department, pursuant to the provisions of section 63 of the Insurance Law (Consol. Laws, c. 28), and that fact appears by other records of this court. There is no evidence that the Empire State Surety Company was insolvent on the day when the premium for which this action was brought became due.

It is conceded that the decision of this court in National Surety Co. v. Winston, 161 App. Div. 594, 146 N. Y. Supp. 825, is a controlling authority in this court in favor of plaintiff's right to recover, unless it is distinguished by certain facts which the appellant offered to prove, but with respect to which the evidence was excluded. In National Surety Co. v. Winston, supra, there was no evidence that the city required the contractor to give a further bond or to take any action on account of the insolvency of the surety; and it is stated in the opinion that since the city was satisfied, the defendant had received the consideration for which he promised to pay the premium.

The evidence offered by the defendant in the case at bar, which was excluded, was documentary, and it was marked for identification and is in the record. It shows that on the 13th day of January, 1913, the board of water supply, which represented the city in the premises, requested the defendant to substitute new sureties in the place of certain sureties which had become insolvent, and, among others, the Empire State Surety Company. That communication, however, was not a request for the immediate substitution of new sureties, but for new sureties "dating from the respective dates of expiration of the present premium year," and it recited that the board did not consider it fair to impose upon the contractor "the duplication of any premium payment," but deemed it proper, in the circumstances, to ask for new sureties, "the procedure involving no additional expense on your part from that originally contemplated." The defendant replied, stating that the work was past the hazardous stage, and that, in view of the amount of the work done, the amounts of bonds with sureties who had not "retired" were proportionate to the amount of work remaining unfinished, and objecting to furnishing substituted sureties. The board replied, under date of February 3, 1913, stating, in effect, that its request for substituted sureties was not based "upon any legal grounds," but that it deemed it businesslike, since only two of the five sureties on bonds given by him were still in business, and it therefore repeated its request for substituted sureties. It is to be inferred that there were subsequent negotiations between the defendant and the board by which it was agreed that the defendant should execute a bond for $50,000, with one Winston as surety, for that was done on the 26th day of February, 1913. That bond, however, contains no recital indicating that it was given in place of the bond executed by the Empire State Surety Company, or any of the other insolvent companies. The documentary evidence showing these facts was excluded on objections interposed by the plaintiff on the grounds, among others, that it was not shown that plaintiff had notice of the request, or that

defendant acted upon it, and that there was no evidence that the Empire State Surety Company was insolvent when the premium in question became due.

We are of opinion that the objections to the evidence were well taken; but, if it had been received, it could not avail the defendant. The Empire State Surety Company remained liable on the bond when the premium in question became due, and the city had the further security of the plaintiff, although the attention of the board of water supply does not appear to have been drawn to that fact. At that time, not only is there no evidence that the Empire State Surety Company was insolvent, but it is fairly to be inferred that the plaintiff was solvent, and has ever since remained so, and has remained liable to the city on the bond given by the Empire State Surety Company.

The case, therefore, is clearly covered by the decision in National Surety Co. v. Winston, supra, and the judgment should be affirmed, with costs. All concur.