AMERICAN FIDELITY COMPANY, Respondent, *v.* MICHAEL J. LEAHY, Appellant.

First Department, November 7, 1919.

Foreign insurance corporations — right to do business without authority from Superintendent of Insurance — right to collect yearly premium on bond accruing after authority to do business has expired — Insurance Law, section 32, construed — liability of foreign insurance corporation after revocation of its authority to do business.

A foreign insurance corporation cannot enter into an agreement guaranteeing the performance of a contract unless it is then authorized by the Superintendent of Insurance of this State to do business herein.

But it is not necessary to limit the contract of guaranty to the period during which the company is authorized under section 32 of the Insurance Law

to transact business in this State, and the contract may cover the performance in the ordinary course of business of any contract, even though the work be not required to be performed within the period for which the company is authorized to do business.

Accordingly, the continuance of its liability under such a contract after the expiration of a period during which it is so authorized to do business does not constitute doing business within the intent and meaning of the statute.

A foreign insurance corporation which executed a bond as surety for the performance of a contract of its principal at a time when it was authorized to do business in this State, may collect the premiums accruing thereon subsequent to the expiration of its authority to do business.

While the authority of a foreign corporation to do business in this State may be revoked or terminated, the liability incurred while authorized to do business herein is not limited to the period during which such authority continued.

APPEAL by the defendant, Michael J. Leahy, from an order and determination of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of November, 1918, modifying a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in plaintiff's favor and affirming said judgment as modified.

*William K. Hartpence* of counsel [ *Kellogg & Rose,* attorneys], for the appellant.

*Herbert McKennis* of counsel [*Harriman & Blake,* attorneys], for the respondent.

LAUGHLIN, J.:

On the 24th day of January, 1916, defendant as principal and the plaintiff and two other insurance companies as sureties, executed a bond in writing to the Interborough Rapid Transit Company in the sum of $100,000 for the performance of a contract made by defendant for the construction of the Webster Avenue Line, section No. 9-B, of the subway, and it was provided therein that the plaintiff should be bound only to the extent of $25,000. Defendant agreed in writing with the plaintiff, among other things, that in consideration therefor he would pay the plaintiff annual premiums at the rate of $4 per $1,000 of the total amount of the contract covered by the bond, until defendant delivered

to it at its home office, competent written evidence of its discharge from liability.   Defendant paid the annual premium for the first year and this action was brought for the annual premium for the second year, ending January 24, 1918.   The action was commenced on the 25th of February, 1918.   It was stipulated that the work under the contract was not completed and was still in progress at the time of the trial.

The only ground of defense to the action is that the plaintiff was a foreign corporation organized under the laws of Vermont, and that while it was authorized by certificate of the Superintendent of Insurance to do business here when the bond was executed, its authority existing at that time terminated on April 30, 1916, and was only extended until October 23, 1916, after which date, it was not authorized to do business in this State.   The claim is that the contract should have been limited to liability accruing before the expiration of its authority to transact business here and that the continuance of its liability bond after October 23, 1916, constituted doing business here and that such business having been done without authority of the Superintendent of Insurance, was in violation of section 9 of the Insurance Law (as amd. by Laws of 1910, chap. 634), which forbids the transaction of business with respect to insurance without a certificate of the Superintendent of Insurance to the effect that the corporation or person so transacting business has complied with all of the requirements of law and is authorized to transact the business of insurance specified in the certificate.   The certificate which the plaintiff held from the Superintendent of Insurance authorized it, among other things, to guarantee performance of contracts other than insurance contracts.   (Insurance Law, § 70, subd. 4, as amd. by Laws of 1915, chap. 505.)   Section 32 of the Insurance Law (as amd. by Laws of 1913, chap. 9) provides, among other things, that such a certificate issued to a foreign corporation shall not remain in force for longer than one year and shall expire on the thirtieth of April of the year following the date of issue, and provides that the Superintendent, if satisfied that the capital, securities and investments required to be filed with him remain secure and that the company may be safely intrusted with the continuance of its authority to do business, may grant a renewal of the certificate.   It is claimed in behalf of the defendant

that no recovery may be had in such a case unless the plaintiff alleges and proves not only that it held such a certificate when the contract was made, but that it continued to be authorized to do business here throughout the period for which it seeks to recover premiums.   I am unable to agree with that contention.   The true construction of the statutory provision in question is, I think, that the insurance company could not enter into a contract guaranteeing the performance of a contract unless it was then authorized by a certificate of the Superintendent of Insurance to do business in this State, but that it was not necessary to limit the contract of guaranty to the period during which the company was then authorized to transact business here and that the contract of guaranty may cover the performance in the ordinary course of business of any contract even though the work be not required to be performed within the period for which the company was then authorized to do business here and that the continuance of its liability under such a contract, after the expiration of the period during which it was so authorized to do business, does not constitute doing business within the fair intent and meaning of the statute and that, therefore, it was authorized either to exact a gross premium to cover its entire liability in advance, or, as here, to require that it should be paid from time to time in installments.   (See *Provident Savings Association* v. *Kentucky*, 239 U. S. 103.)   There is no claim or evidence that the Interborough Rapid Transit Company questioned the validity of the bond or called upon the defendant to furnish another when the plaintiff's authority to do business here terminated and consequently plaintiff's liability continued and defendant has had the benefit thereof and, therefore, he cannot refuse to pay the premium.   (*People* v. *Empire Mut. Life Ins. Co.*, 92 N. Y. 105; *National Surety Co.* v. *Winston*, 161 App. Div. 594.   See, also, *City of New York* v. *Illinois Surety Co.*, 180 App. Div. 513; *Hunter* v. *Mutual Reserve Life Ins. Co.*, 184 N. Y. 136; *Birch* v. *Mutual Reserve Life Ins. Co.*, 91 App. Div. 384; affd., 181 N. Y. 583.)   It is universally recognized that while authority of foreign corporations to do business in States other than that in which they are incorporated may be revoked or terminated, the liability incurred while authorized to do business in the foreign

State is not limited to the period during which such authority continues and this is shown by decisions sustaining service within the foreign State as prescribed when the authority to do business was conferred although the liability did not accrue until after the authority was terminated. (*Hunter* v. *Mutual Reserve Life Ins. Co., supra; Mutual Life Ins. Co.* v. *Spratley,* 172 U. S. 602; *Mutual Reserve, etc., Assn.* v. *Phelps,* 190 id. 147; *Birch* v. *Mutual Reserve Life Ins. Co., supra; Badger* v. *Helvetia Swiss Fire Ins. Co.,* 136 App. Div 31.)

It follows that the determination of the Appellate Term was right and should be affirmed, with costs.

CLARKE, P. J., SMITH, PAGE and PHILBIN, JJ., concurred.

Determination affirmed, with costs.