David Bersin and Daniel Bersin, Copartners, Doing Business as Bersin Bros., Appellants, *v.* John Boath, Junr., & Co., Ltd., Respondent.

First Department, November 4, 1921.

Corporations — foreign corporations — process — service of summons upon sales agents who solicited orders, entered into contracts of sale and distributed merchandise for corporation is good — fact that contracts had to be approved by and remittances made to foreign corporation immaterial.

There was a valid service of a summons upon the defendant, a foreign corporation, having its principal place of business in Scotland by service on its sales agents in this State, where it appeared that the corporation was represented in this State by said sales agents who maintained offices in this State, solicited orders, entered into contracts for the sale and delivery of defendant's merchandise and received the goods and bills of lading in many instances, a course of business which had been pursued for a number of years. The fact that the contracts of sale had to be approved by the defendant in Scotland and that remittances had to be sent to it there is immaterial.

Appeal by the plaintiffs, David Bersin and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of April, 1921, granting defendant's motion to vacate the service of a summons.

*Joseph Sapinsky* of counsel [*Sapinsky & Amster,* attorneys], for the appellants.

*Edwin Hort* of counsel [*Horwitz, Rosston & Hort,* attorneys], for the respondent.

Page, J.:

The defendant is a foreign corporation, having its principal place of business in Scotland. Schofield & Walter are the sales agents of the defendant with a place of business at 14–16 White street in the borough of Manhattan, city of New York. They solicit orders, enter into contracts for the sale and delivery of the defendant's merchandise, and the goods are shipped and the bills of lading are sent to Schofield & Walter in many instances. This course of business has been pursued for a number of years. Thus there resulted a continuous course

of business in the solicitation of orders which were sent to Scotland and in response to which deliveries were made in the city of New York. That the contracts of sale have to be approved by the defendant in Scotland, and remittances made, as the defendant claims they generally were, to the defendant in Scotland, is immaterial. (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *International Harvester Co.* v. *Kentucky*, 234 U. S. 579.)

In the instant case it was shown that James Schofield, the person served with process, was a member of the firm of Schofield & Walter, and was the managing agent of the business that the defendant transacted within this State. The service of the summons upon him was, therefore, a valid service of process upon the defendant.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Clarke, P. J., Laughlin, Dowling and Merrell, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.