WILLIAM H. HULICK and Others, Respondents, v. PETROLEUM CORPORATION OF AMERICA and Others, Defendants, Impleaded with PARENT PETROLEUM CORPORATION, Appellant.

First Department, November 4, 1921.

Corporations — foreign corporations — process — corporation not doing business within State — service on one of its officers maintaining residence in State for his own convenience, should be set aside — issuance of circular signed by foreign corporation inviting investment in its stock not transaction of business within State.

Service of a summons on a foreign corporation by service upon its secretary and treasurer, who resides within the State for his own convenience, should be set aside, where there is nothing to disclose that the corporation

ever transacted business in the State of New York and it appears that there was a studied effort and intent on its part to keep without the jurisdiction of this State and not to render itself amenable to process.

The issuance of a circular, signed with the name of the foreign corporation, inviting investment in its stock, and directing applications to be made to its said secretary and treasurer, did not constitute the transaction of business within this State, where there was never any application for a sale of its stock pursuant to the circular.

APPEAL by the defendant, Parent Petroleum Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of June, 1921, denying defendant's motion to set aside the service of the summons herein.

*Samuel Slee*, for the appellant.

*John L. Farrell*, for the respondents.

MERRELL, J.:

The defendant, Parent Petroleum Corporation, incorporated under the laws of the State of Delaware, has appealed from an order denying its motion to set aside the service of the summons upon said defendant.

The action is brought by certain stockholders of a defendant known as Petroleum Corporation of America, also a Delaware corporation, licensed to do business in the State of New York, and with whom the appellant is impleaded, for an accounting in equity for certain losses claimed to have been sustained by said corporation in consequence of breach of duty and bad faith on the part of the officers and directors of said Petroleum Corporation of America, and to obtain cancellation of certain securities alleged to have been unlawfully and fraudulently issued at the direction of said directors and officers and in their own interest.

Service of the summons herein upon the appellant Parent Petroleum Corporation was attempted to be made by service thereof upon one R. Donald Slee, the secretary and treasurer of said defendant, appellant, who, it appears from the affidavits herein, was a resident of Rye, N. Y., for his own convenience. Slee was also named individually as a party defendant, and

accepted service of the summons as an individual, but declined to accept service in behalf of the corporation of which he was secretary and treasurer, upon the ground that such corporation had never authorized him to accept such service in its behalf. The appellant moved to set aside the service of the summons upon the ground that it was a Delaware corporation, and was not engaged in business in the State of New York, and that the service upon its secretary and treasurer was not good service upon the appellant. It is the contention of the respondent that the appellant, at the time of such service upon its secretary and treasurer, was engaged in the transaction of business in the State of New York. An examination of the affidavits in opposition to the appellant's motion fails to disclose that the appellant ever transacted business in the State of New York. The only circumstance seized upon by the plaintiffs, respondents, to show that the defendant was engaged in business here was the issuance of a circular claimed to have been issued in behalf of the appellant Parent Petroleum Corporation, setting forth the objects of its incorporation, making certain representations as to its financial condition and organization, and inviting investment by the public in its common and preferred stock, the circular closing with a direction to make application for stock to the treasurer of the corporation in New York city, as follows:

" Send applications and make checks to R. Donald Slee, Treasurer, care 140 Cedar Street, New York City.

" [Signed]    PARENT PETROLEUM CORPORATION."

The appellant disclaimed any responsibility for said circular and no proof is offered on the part of the respondents showing that, in fact, the defendant did sell any of its stock or that there was any response to such advertising circular. It appears, on the contrary, from the affidavits in support of the appellant's motion, that no business was, in fact, ever transacted by the appellant in the State of New York, and that there never was any application for or sale of its stock pursuant to such circular. Indeed, it appears that there was studied effort and intent on the part of the appellant to keep without the jurisdiction of the State of New York and not to render itself amenable to service of process here. From the affidavits

used upon the appellant's application we can find no indication that the appellant ever transacted business in the State of New York, and that while its secretary and treasurer, for his own convenience, resided here, such residence did not bring the appellant here.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the appellant's motion to set aside the service of the summons upon it granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.