DAVID LILIENBLUM, Respondent, *v.* W. WISSOTZKY & COMPANY, a Foreign Corporation (Appearing Specially), Appellant.

First Department, May 15, 1925.

Corporations — foreign corporations — service of process on foreign corporation — service on director temporarily here on other business — defendant, Russian corporation, has not done business here since 1914 — owning stock in New York stock corporation not doing business — service set aside.

The service of a summons upon the defendant, a foreign corporation, will be set aside on the ground that it was not doing business here at the time the service was made upon a director, who was temporarily in this State on business not connected with the defendant, since it appears that since 1914 the defendant has not transacted any business in this State, and that its only interests in the State are in the ownership of stock in a New York corporation; owning stock does not constitute doing business in this State.

McAVOY and MARTIN, JJ., dissent.

APPEAL by the defendant, W. Wissotzky & Company, a foreign corporation (appearing specially), from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of May, 1924, as resettled by an order entered in said clerk's office on the 19th day of June, 1924, confirming the report of an official referee and denying a motion to vacate the service of the summons.

*Boudin & Wittenberg* [*Philip Wittenberg* of counsel; *Louis B. Boudin* with him on the brief], for the appellant, appearing specially.

*Lawrence & Wiseman* [*Lawrence Wiseman* of counsel; *Oscar Lawrence* with him on the brief], for the respondent.

DOWLING, J.:

This action was commenced by the personal service of the summons, with notice, on June 20, 1922, upon a director of the defendant, a foreign corporation, who was within the State of New York. The defendant appeared specially and moved to set aside the service. The matter was referred upon the papers submitted to an official referee, who without further proof found that the defendant at the time of the service of the summons was doing

business in the State of New York; that the person served with the summons was a director of the defendant; that, at the time of the service of the summons, he was in the State of New York on the business of the defendant.

The defendant (hereinafter referred to as the corporation) is a corporation organized under the laws of the Russian Empire as they existed prior to the revolution. The corporation was engaged in the business of buying, selling, exporting, blending and dealing in teas, and its tea had become widely known throughout the United States prior to 1911, and its labels and trade-marks were of value. In 1911 the corporation entered into an agreement with the Consolidated Tea Company, a New York corporation, whereby the corporation withdrew from the American market and agreed that thereafter all of its teas should be sold in the United States and its territories and the Dominion of Canada, only through the Consolidated Tea Company. That agreement was performed between the parties until 1914 when the World War intervened and the corporation being of Russian creation was hampered and unable to continue shipments to the United States. Its entire business became sporadic and since 1918 it has not engaged in business at all. In that year because of the revolution in Russia, the corporation completely suspended its business even in Russia itself, and the defendant has not actually engaged in business anywhere since.

It appears, however, that the corporation owned one-half of the capital stock of the Consolidated Tea Company and was represented by two directors on its board of directors, was financially interested in its business, and in the event of the permanent disability of the manager, had the right to name one of the two joint managers of the business carried on by the Consolidated Tea Company. The name "W. Wissotzky & Co." was listed in the telephone book, and its name appeared on a sign at No. 185 Division street. The president of the Consolidated Tea Company makes affidavit in explanation of this situation, that the original purpose of putting the said name in the telephone book in 1911 was a desire on the part of the Consolidated Tea Company to secure to itself the custom of all those who wanted to buy Wissotzky tea, and, therefore, he listed "W. Wissotzky & Co." as well as Abraham Lubarsky personally, he being the person who previously had handled the sale of W. Wissotzky & Company's teas. Lubarsky died in 1920 but the listing is still continued. The only way in which the name appears upon the sign at 185 Division street, he claims, is "Wissotzky's Russian Tea."

Boris Gawronsky, the person who was served, makes affidavit as follows: " My present trip to the United States is, as already

stated, connected with the business of another corporation, namely, Anglo-Asiatic Company, Limited, a British corporation, of which I am also a director and which has its headquarters in London, England, this special business being as follows: Some time ago the said Anglo-Asiatic Company, Limited, has acquired certain stockholdings in the Consolidated Tea Co. heretofore mentioned. It appears that by the terms of the certificate of incorporation of the said Consolidated Tea Co. its corporate existence terminated in March, 1921, and another corporation was organized under the name of Consolidated Tea Co., Inc., in order to take over the business and property of the said Consolidated Tea Co., and negotiations were had for some time between the said Anglo-Asiatic Company, Limited, and the other stockholders of the said old corporation Consolidated Tea Co., as to the manner in which the business of the old corporation should be liquidated and upon what terms the property thereof should be transferred to the new corporation Consolidated Tea Co., Inc. It is in connection with these negotiations that this deponent came to this country so as to have a chance to personally discuss the matter with the parties interested in the said business and, as already stated, deponent intends to embark next Saturday on his return trip, he having no other business in this country and does not intend to transact any other business in this country."

The learned court at Special Term denied the motion to set aside the service of the summons, or the referee's report that the interests of Wissotzky & Company and the Anglo-Asiatic Company were the same and that defendant at the time of the service of the summons was doing business in this State. I find myself unable to agree with this conclusion. The only corporation engaged in business in this State, as between defendant and it, was first the Consolidated Tea Company, a New York corporation, and when its charter expired by limitation, its successor, the Consolidated Tea Co., Inc. Defendant withdrew from the American market as early as 1914, and has not since been doing business of any kind here. It is true that it owned a half interest in the Consolidated Tea Company and the Consolidated Tea Co., Inc., both of which have been engaged in business in this State. But mere ownership of stock in a corporation doing business in this State does not mean that the person holding the stock is so engaged in business here.

In *Peterson* v. *Chicago, R. I. & P. R. Co.* (205 U. S. 364, 392) the court quoted with approval the opinion of the master in *Conley* v. *Mathieson Alkali Works* (190 U. S. 406) to the following effect: " The fact that it held the entire capital stock of the Castner Electrolytic Alkali Company, and that the operations of that

company were carried on under the same management as before December 31, 1900, is not material. The new corporation was a separate legal entity, and, whatever may have been the motives leading to its creation, it can only be regarded as such for the purpose of legal proceedings. It was that corporation alone which transacted any business in this State, notwithstanding it may have been for all practical purposes merely the instrument of the defendant corporation." (*People* v. *American Bell Telephone Co.,* 117 N. Y. 241; *United States* v. *American Bell Telephone Co.,* 29 Fed. 17.)

In *Philadelphia & Reading R. Co.* v. *McKibbin* (243 U. S. 264, 268) the court said: " Nor would the fact, if established by competent evidence, that ' subsidiary companies ' did business within the State, warrant a finding that the defendant did business there." To the same effect is the decision of *People's Tobacco Co.* v. *American Tobacco Co.* (246 U. S. 79, 87): " The fact that the company owned stock in the local subsidiary companies did not bring it into the State in the sense of transacting its own business there." (Citing the *Peterson* and *McKibbin Cases, supra.*)

I reach the conclusion that defendant was not doing business within this State, and, therefore, the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate and set aside the service of the summons should be granted, with ten dollars costs.

CLARKE, P. J., and FINCH, J., concur; MCAVOY and MARTIN, JJ., dissent.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.