In the Matter of the Arbitration between BIDDLE PURCHASING COMPANY, INC., Appellant, and YUNG HSING TRADING CORPORATION OF TIENTSIN, CHINA, Respondent.

First Department, May 12, 1933.

*Samuel J. Rawak,* for the appellant.

No appearance for the respondent.

TOWNLEY, J.   There are two respondents to this proceeding — Yung Hsing Trading Corporation, the contracting party, which did not appear, and Adolphe Hurst & Company, Inc., its general agent, which appeared to contest the application on its own behalf, claiming that it had not agreed to arbitrate anything.   The appeal as to Adolphe Hurst & Company, Inc., was discontinued.

Adolphe Hurst & Company, Inc., as general agent for Yung Hsing Trading Corporation, made contracts under which certain walnuts were sold to plaintiff with warranties of quality.   The contract provided for arbitration in New York of any differences on account of inferiority of quality.   The general agent, Adolphe Hurst & Company, Inc., also guaranteed the quality and agreed that claims for difference in quality should be settled amicably or by arbitration and that the amount found against the seller would be paid by Adolphe Hurst & Company, Inc.

Notice of this application was given Yung Hsing Trading Corporation by service upon Adolphe Hurst & Company, Inc., as its

managing agent. The sufficiency of this notice is challenged upon this appeal. The respondent by its contract had agreed to arbitrate in New York. As was said by the Court of Appeals in *Gilbert* v. *Burnstine* (255 N. Y. 348, 354): "Defendants' agreement without reservation to arbitrate in London according to the English statute necessarily implied a submission to the procedure whereby that law is there enforced. Otherwise the inference must be drawn that they never intended to abide by their pledge."

Under the New York statute service upon a non-resident corporation in an arbitration proceeding may be made by serving a managing agent within the State. (Arbitration Law, § 3; Civ. Prac. Act, § 229.)

The record shows a continuous course of business under which the Chinese corporation made many contracts through Adolphe Hurst & Company, Inc., as its general agent. This satisfies the test for doing business in this State laid down in *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259, 267) and in *International Harvester Co.* v. *Kentucky* (234 U. S. 579). It also appears that the agent was vested with a certain amount of discretionary power as to price, payment, arranging for letters of credit, and the general contents and execution of the contract. The authority to accept service will be implied from this power to contract. (*Connecticut Mutual Life Ins. Co.* v. *Spratley*, 172 U. S. 602; *Commercial Mut. Accident Co.* v. *Davis*, 213 id. 245; *Bersin* v. *Boath, Junr. & Co., Ltd.*, 198 App. Div. 344.) It appears furthermore from the facts set out that the agency is of such a character that it is very likely that notice given to the agent will in turn be transmitted to the principal so that the principal may be bound by the determination or judgment made. This fact also justifies in this instance service upon the agent. (*Tauza* v. *Susquehanna Coal Co.*, *supra*.)

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.

FINCH, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.