Society Milion Athena, Inc., and Loucas A. Aggelopoulos, Suing in Their Own Behalf and in Behalf of All Other Persons Similarly Situated, Plaintiffs, *v.* National Bank of Greece and Others, Defendants.*

Supreme Court, Special Term, New York County, December 20, 1937.

*Abner J. Rubien* and *Alexander D. Diamond,* for the plaintiffs.

*Cardozo & Nathan* [*Michael H. Cardozo, Jr., Aristotle Souval* and *Louis J. Felstiner* of counsel], for the defendant National Bank of Greece.

SHIENTAG, J. These are two motions by the defendant National Bank of Greece to vacate the alleged service upon it of the summons and complaint in this action and to dismiss the action for want of

jurisdiction over the person of the defendant. Both motions were consolidated on the argument, pursuant to stipulation between the parties.

The action is brought by the plaintiffs as depositors and creditors of the corporate defendants, the National Bank of Greece and the Hellenic Bank Trust Company, on behalf of themselves and all other depositors and creditors similarly situated. The purpose of the suit is to establish the liability of the corporate defendants and the individual defendants, as officers and directors of the Hellenic Bank Trust Company, for deposits made in these institutions which were allegedly misappropriated; to impress a trust on these deposits for the plaintiffs and other depositors and creditors similarly situated, and to secure other appropriate relief. The court on this motion is interested only in those facts that bear on whether the National Bank of Greece was, at the time of the service of the summons and complaint in this action, subject to the service of process in this State.

The National Bank of Greece is a foreign private banking institution, organized and existing under the laws of Greece, and having its principal office in Athens, Greece. From early 1926 until March 2, 1933, the National Bank of Greece maintained an agency in this State under a limited license, renewable annually, issued to it by the Superintendent of Banks of New York pursuant to section 180 of the Banking Law. The agency, under its limited license, was permitted to conduct only a specialized type of banking business and was not allowed to receive or hold deposits. It appears, however, that the agency did receive deposits in this country which it transmitted abroad to its home office, and for which certificates of deposit were issued. The present action is based on two of these certificates of deposit.

As a condition to the issuance and annual renewal of the license for its agency, the National Bank of Greece filed with the Superintendent of Banks a power of attorney designating the Superintendent its attorney and agent to receive process in its behalf in this State in any action against it brought by a resident of this State.

In 1930 the Hellenic Bank Trust Company was organized by the National Bank of Greece under the laws of the State of New York, and from that date until the discontinuance of the agency of the National Bank of Greece in 1933 occupied the same offices as the agency in New York. Ninety-five per cent of the stock of the Hellenic Bank Trust Company is at present owned by the National Bank of Greece, the other five per cent being qualifying shares held by directors. Among the directors of the Hellenic Bank Trust Company at the time of its formation were the governor and the

subgovernor of the National Bank of Greece, though at present the officers of each institution are completely separate. The management of both the agency and the Hellenic Bank Trust Company was placed in the hands of the two defendants Plastropoulos (who was the principal agent in charge of the agency and the president and director of the trust company) and Hardaloupas (who was a subagent in the agency and an officer, and subsequently the president and director of the trust company).

On March 2, 1933, the license issued to the agency expired and was not renewed. A short extension, which lasted for about two months, was received from the Banking Department to permit the agency to wind up its affairs in this country. At the end of this time there was filed in the office of the Superintendent of Banks a revocation of the previous designation of the Superintendent to receive process on behalf of the National Bank of Greece.

In March, 1933, a few days after the final expiration of the license of the agency, the National Bank of Greece issued a limited power of attorney to Hardaloupas, appointing him its " special representative " in the United States. He continued to act as such until November, 1936, when, after the successful service of process upon him in another action, his power of attorney was revoked. It has been decided that at least up to the time of the revocation of the power of attorney service upon Hardaloupas as the agent of the National Bank of Greece constituted effective service upon the bank. (*Marley* v. *National Bank of Greece*, 20 F. Supp. 214.)

On July 30, 1937, the plaintiffs attempted to serve the National Bank of Greece in this State by delivering a copy of the summons and complaint to the Hellenic Bank Trust Company as the " managing agent " in New York of the National Bank of Greece, and by delivering another copy to a Deputy Superintendent of Banks of New York. On August 24, 1937, a third copy of the summons and complaint was delivered to the Superintendent of Banks in person.

The plaintiffs seek to sustain the validity of the service of process on two principal grounds: (1) That the revocation of the designation of the Superintendent of Banks as the agent of the National Bank of Greece to receive process was ineffective in so far as these liabilities are concerned and that service on him was effective service on the bank; (2) that the National Bank of Greece is still doing business in this State through the Hellenic Bank Trust Company, and that service on the trust company as the " managing agent " of the bank constituted valid service.

(1) Section 180, subdivision 3, of the Banking Law provides that no foreign banking institution may conduct the business that

the National Bank of Greece maintained through its agency unless it has " designated the Superintendent by a duly executed instrument in writing, its true and lawful attorney, upon whom all process in any action or proceeding by any resident of the State against it may be served with the same effect as if it were a domestic corporation and had been lawfully served with process within the State." ·

No decision has been found construing this provision of the Banking Law. The National Bank of Greece contends that the provision must be limited in its application to actions begun before the foreign banking institution withdrew its business from the State and prior to the revocation of the authority of the Superintendent to receive process in its behalf. To uphold this contention would seriously impair the purpose of the statute, which is to compel foreign banking institutions engaged in business in this State to submit controversies growing out of that business to the courts of this State, and not to require residents having such controversies to seek the home of the corporation for the enforcement of their claims. There would be no necessity for selecting a permanent government official as agent if the statute was limited to actions begun while the foreign corporation was in this State, for agents of the corporation upon whom service could effectively be made would then be present. The purpose of the statute was rather to provide a means by which our residents could obtain service of process on foreign banking corporations which no longer had agents in the State upon whom service could be made.

The overwhelming weight of authority is, therefore, to the effect that if a foreign corporation has designated a State official as its agent to receive process on its behalf under a statute which is silent as to the time during which the authority of the agent shall last, the corporation by withdrawing the authority of the agent cannot thereby prevent suit within the State on contracts made while the corporation was doing business there. (1 Beale, Conflict of Laws, 408, and cases there cited; Note [1913], 26 Harv. Law Rev. 749; Decision [1913], *Brown-Ketcham Iron Works* v. *Swift & Co.*, 53 Ind. App. 630; 100 N. E. 584; 13 Col. Law Rev. 439.) The New York law provides for service on the Superintendent of Banks " in *any* action or proceeding," and other courts have interpreted similar statutes so as to include actions begun after revocation of the designation of the State official to receive service of process. (17 Fletcher, Cyclopedia Corporations [1933], § 8456; *Mutual Reserve Fund Life Assn.* v. *Phelps*, 190 U. S. 147; *Chehalis River Lumber Co.* v. *Empire State Surety Co.*, 206 Fed. 559; *Kelly* v. *Johnson Nut Co.*, 38 F. [2d] 177; *Home Ben. Soc. of N. Y.* v. *Muehl*, 109 Ky. 479; 59 S. W. 520; *Germania Ins. Co.* v. *Ashby*, 112 Ky. 303;

65 S. W. 611; *American Ry. Exp. Co.* v. *Fleishman, Morris & Co.*, 149 Va. 200, 211; 141 S. E. 253; cert. denied, 278 U. S. 652; *Kaw Boiler Works* v. *Frymyer*, 100 Okla. 81; 227 P. 453; *Meixell* v. *American Motor Car Sales Co.*, 181 Ind. 153; 103 N. E. 1071. See *American Fidelity Co.* v. *Leahy*, 189 App. Div. 242, 246; affd., 233 N. Y. 628.)

The fact that section 216 of the General Corporation Law provides in more specific terms for the continuation of the designations made by foreign corporations other than moneyed corporations, cannot change the construction placed upon section 180, subdivision 3, of the Banking Law. There is no indication of any intention of having a less stringent rule apply to foreign moneyed corporations than to foreign corporations generally, and no reason exists why a banking corporation should be placed on any different footing in this respect.

The corporate plaintiff, the Society Milion Athena, is a New York corporation. As to this plaintiff, the National Bank of Greece contends that the service is invalid because the cause of action sued upon was not created in this State. It is claimed that the certificate of deposit sued on is a renewal of one issued to a predecessor of the corporate plaintiff in 1916 at Athens, Greece. However this may be, the certificate sued upon here itself reveals that it was issued "at New York," and was given to the plaintiff corporation in New York while the National Bank of Greece was conducting business in this State through its agency. The new certificate of deposit is to be treated as an independent contract, and every act necessary for the consummation of that contract took place in New York. The certificate is, therefore, a New York contract and the cause of action upon it is one created in this State. (*Staples* v. *Nott*, 128 N. Y. 403. See 2 Beale, Conflict of Laws, § 1051.)

Concededly, the cause of action of the individual plaintiff, Aggelopoulos, was created in this State, but it is claimed that the service on his behalf is invalid because he was not at the time a resident of this State, but was at all times a resident of New Jersey. There is nothing in the papers submitted on this motion controverting this allegation. Section 180, subdivision 3, of the Banking Law, and the designation given by the National Bank of Greece in pursuance thereof, in terms apply only to actions maintained by residents of New York. Unless, therefore, it can be shown that the National Bank of Greece was doing business in New York at the time of service of process in this suit, the service must be held invalid in so far as the individual plaintiff is concerned. (See *Hunter* v. *Mutual Reserve L. Ins. Co.*, 184 N. Y. 136.)

(2) There is no precise test of the nature or extent of the business required to be done by a foreign corporation to make it amenable to process in this State. Each case must be decided on its own particular facts, for the facts which in one instance warrant the inference of the corporation's presence in or absence from the State are rarely duplicated in another instance. (*Stark* v. *Howe Sound Co., Inc.*, 141 Misc. 148; affd., 234 App. Div. 904.) If it can be shown that the foreign corporation is actually transacting business here " with a fair measure of permanence and continuity," and that it is not here only occasionally or casually, then it is within the jurisdiction of our courts. (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *International Harvester Co.* v. *Kentucky*, 234 U. S. 579; *Henriques* v. *Gauthiod Marine Ins. Co., Ltd.*, 205 App. Div. 8.)

It is true that ordinarily a foreign banking institution will not be held to be present in this State merely because it transacts business here through a correspondent bank, in which capacity the Hellenic Bank Trust Company claims it acts for the National Bank of Greece. (*Bank of America* v. *Whitney Central Nat. Bank*, 261 U. S. 171.) But if the facts indicate that the " correspondent " is actually acting as the agent for the foreign corporation in the transaction of its business here, the mere fact that the local institution is called a correspondent bank will not place the foreign bank beyond our jurisdiction. (See *Krstovic* v. *Van Buren*, 235 N. Y. 96.)

The affidavits of the plaintiffs state that the Hellenic Bank Trust Company receives deposits for the National Bank of Greece; that it receives certificates of deposit from various depositors on the pretense of payment and instead offers bank books of the National Bank of Greece in payment to avoid liability under our laws; that it forwards under its own letterhead statements of account to depositors for their approval at the request of the National Bank of Greece; that it makes payments by its own check to some depositors to avoid litigation at the request of and for the account of the National Bank of Greece, and that it finances wheat shipments and transacts other business for the National Bank of Greece on forms kept by the trust company.

The affidavits in reply state that the Hellenic Bank Trust Company and National Bank of Greece are separate and distinct corporations; that the affairs of the Hellenic Bank Trust Company are managed by its independent board of directors solely with regard to its own welfare, though suggestions or instructions from its principal stockholder are received for consideration; that the Hellenic Bank Trust Company is neither the managing agent nor a branch of the National Bank of Greece, but only its correspondent

bank in New York, and has no power to bind the National Bank of Greece to any commitment; and the affidavits deny that the Hellenic Bank Trust Company accepts deposits for the National Bank of Greece, though admitting that it transmits moneys to the National Bank of Greece for various persons as their agent.

The affidavits in reply are silent as to the specific allegations of fact contained in the plaintiffs' affidavits. They content themselves with statements of conclusions and the assertion of blanket denials without any specific denial of the facts alleged. Affidavits of this type, containing no detailed denials of the activities relied on to sustain the service, although the actual relationship between the corporations is peculiarly within the knowledge of the affiants, are insufficient to prevent the acceptance as true of the facts stated in the plaintiffs' affidavits. (*Industrial Research Corp.* v. *General Motors Corp.*, 29 F. [2d] 623.)

The activities pursued by the Hellenic Bank Trust Company on behalf of the National Bank of Greece are not the ordinary services performed by a correspondent bank. They rather amount to the actual performance of business in this State in a systematic and regular fashion by the National Bank of Greece through the agency of the trust company. Even if there was no relation other than this between the corporations, the transactions would constitute doing business in this State by the National Bank of Greece. (Cf. *Henriques* v. *Gauthiod Marine Ins. Co., Ltd., supra; Grant* v. *Cananea Con. Copper Co.*, 189 N. Y. 241; *Matter of Biddle P. Co., Inc.*, v. *Yung Hsing Tr. Corp.*, 238 App. Div. 264; *Appleby* v. *Insurance Office of Australia, Ltd.*, 119 Misc. 378; *Cunningham* v. *Mellin's Food Co.*, 121 id. 353.) Indeed, the services performed by Hardaloupas as "special representative" of the National Bank of Greece, which were held to constitute the doing of business in this State in *Marley* v. *National Bank of Greece* (*supra*), were no more extensive than those now performed by the Hellenic Bank Trust Company for the National Bank of Greece.

It further appears, however, that the stock of the Hellenic Bank Trust Company is almost completely owned by the National Bank of Greece, and the plaintiffs claim that the Hellenic Bank Trust Company is under the domination and control of the principal stockholder which incorporated it. In support of that claim they show facts that indicate that the corporations are in reality one, and that the New York corporation was organized principally because the foreign bank was unable to do certain types of banking here. The mere fact that the entire stock of the local corporation is held by the foreign corporation, with one exercising control over the other through ownership of the stock, will not " necessarily "

make one the agent of the other to receive service of process. (*People's Tobacco Co.* v. *American Tobacco Co.*, 246 U. S. 79; *Cannon Mfg. Co.* v. *Cudahy Packing Co.*, 267 id. 333; *Conley* v. *Mathieson Alkali Works*, 190 id. 406; *Lilienblum* v. *Wissotzky & Co.*, 213 App. Div. 18.) But where the local corporation is so controlled and its affairs so conducted that it is a mere instrumentality of the foreign corporation, the fiction of corporate entity may be disregarded and the service of process on the local corporation will constitute effective service on the foreign corporation. (*Industrial Research Corp.* v. *General Motors Corp.*, *supra*, and cases there cited; *American Tri-Ergon Corp.* v. *Ton-Bild Syndikat*, 145 Misc. 344; affd., 236 App. Div. 792. See, also, *Dobson* v. *Farbenfabriken of Elberfeld Co.*, 206 Fed. 125; *Stark* v. *Howe Sound Co., Inc.*, *supra*.) The facts show that though the corporations operate as distinct entities, the Hellenic Bank Trust Company is so dominated and controlled by the National Bank of Greece, which incorporated it, that it cannot be regarded as more than an adjunct of its parent for the purpose of service of process.

For these reasons alone the National Bank of Greece must be held to have been doing business in New York through the Hellenic Bank Trust Company at the time process was served in this action.

There is another principle, not altogether free from doubt, however, under which the National Bank of Greece can be held to be doing business in this State. It has been held that when an insurance company comes into a foreign State and issues policies there, it does not cease doing business on the withdrawal of all its agents from the State, even though no new risks are accepted. The fact that the old policies are still outstanding, and that premiums are collected and losses are paid on those policies, is sufficient to constitute the doing of business for the purpose of service of process. (*Connecticut Mutual Life Ins. Co.* v. *Spratley*, 172 U. S. 602. See, however, *Hunter* v. *Mutual Reserve L. Ins. Co.*, *supra*.)

So here " the defendant National Bank of Greece had disposed of a great many certificates of deposit to residents of New York and elsewhere in the United States, and at the time its license expired its duty to discharge the obligations created prior to March 2, 1933, did not terminate. That the defendant itself recognized this is demonstrated by reference to the power of attorney to Hardaloupas which, after referring to the termination of the license to do business in New York, states: ' But there will remain thereafter certain details to be attended to on behalf of the bank in concluding matters arising from the above mentioned business.' " (*Marley* v. *National Bank of Greece, supra*.) The duty of discharg-

ing these obligations and the necessity of attending to details in connection therewith did not terminate with the revocation of Hardaloupas' power of attorney, but still continues. The National Bank of Greece may, therefore, be held to be doing business in this State on the principle enunciated in *Connecticut Mutual Life Ins. Co.* v. *Spratley (supra)*.

The plaintiffs also claim, and there is no specific denial of the fact, that advertisements of the National Bank of Greece soliciting business through the Hellenic Bank Trust Company are paid for by checks of the trust company. The papers show that a joint advertising campaign for business was and is at present being carried on in newspapers in this State. In some of these advertisements the Hellenic Bank Trust Company was specifically referred to as a " branch " of the National Bank of Greece, and in others as an "establishment " of the foreign bank. It is clear that the intent of all of them was to convey the impression that the Hellenic Bank Trust Company and the National Bank of Greece were one and the same, and that the public could deal with them without distinction. These advertisements are still being carried on in this State, although the Hellenic Bank Trust Company is now called a " correspondent." In its advertisements abroad, however, the National Bank of Greece referred to the Hellenic Bank Trust Company as its " establishment," " establishment " evidently meaning " branch," as late as July 17, 1937, only a few days before service was made in this case. It is true that mere advertisement by a foreign corporation does not itself constitute " doing business " for the purpose of service of process. (*People's Tobacco Co.* v. *American Tobacco Co., supra.*) These advertisements, however, indicate that the National Bank of Greece intended our citizens to believe that the Hellenic Bank Trust Company was a branch of the bank doing its business in this country. Having held the trust company out as such, and intending to induce the deposit of moneys in reliance thereon, the National Bank of Greece is estopped from now denying that the Hellenic Bank Trust Company is its agent upon whom effective service of process can now be made. (See *Draper* v. *Oswego Co. Fire Relief Assn.*, 190 N. Y. 12, 16.)

For all of the foregoing reasons, the motions must in all respects be denied. Settle order