Owen McGivekn, J.
The defendant, Gridoil Freehold Leases Ltd., a Canadian corporation appearing specially by attorney for the purpose of this motion, moves pursuant to section 237-a of the Civil Practice Act, for an order setting aside the service of a summons on the ground that Gridoil is a foreign corporation and not subject to the jurisdiction of the State of New York. •
From the papers, it appears that Gridoil has not filed a certificate of doing business in New York and that its main *45 activity lies in the production of oil, and the manufacture of gas in Canada, these activities being based on tracts of land approximating over a half a million acres in the provinces of Saskatchewan and Manitoba; and its properties and productive equipment engaged in such purposes are evaluated at about $4,000,000, all located in Canada. It also appears that its crude oil sales are all effected in Canada. Further, Gridoil maintains no office within the State of New York and possesses no property here; neither does it have a bank account here or a warehouse for the storage of goods, and it is not listed in any telephone directory, nor does its name appear on any building directory in any city of this State; it would also seem that the defendant Gridoil has no salesmen, nor agents, nor representatives, nor any clerical staff whatever within this jurisdiction; it solicits no orders, makes no sales, and engages in no shipping within the State; all of its corporate officers and directors are Canadian nationals, and they hold no meetings in New York.
Notwithstanding the absence of any normal indicia of jurisdiction, the plaintiffs claim that Gridoil is “ doing business ” here because its stock happens to be listed on the American Stock Exchange and because a stock transfer agent happens to be the United States Trust Co. located in New York City, and that Gridoil in the year 1956 succeeded in negotiations which had been undertaken in New York for the private placement or sale of certain convertible notes in the sum of $3,000,000. Other than these facts there are no further items to support the plaintiffs’ contentions. Thus the plaintiffs’ position is legally infirm, for almost every corporation would be subject to the jurisdiction of New York, without any other jurisdictional requirements, if the plaintiffs’ contentions were accepted as meritorious. In the case at bar, the defendant clearly does not operate here by its own employees nor in its own offices, and financial arrangements, isolated and alone, are not sufficient to subject Gridoil to our jurisdiction. (See Gertsenstein v. Peninsula & Oriental Steam Nav. Co., 202 Misc. 838, affd. 204 Misc. 459 [App. Term, 1st Dept.].)
It is noteworthy that the Gridoil stock is also listed on the Toronto Stock Exchange in Canada and that the Prudential Trust Company Ltd. is its registrar and transfer agent in Toronto, Montreal and Calgary. Furthermore, the company’s stock transfer ledger is kept by the Prudential Trust Company Ltd. in Canada, and the United States Trust Company in New York merely forwards to it a journal entry of transfers as they occur.
*46 Accordingly, this court finds that the placement of the above-referred to loan in New York was insufficient in itself, or even together with any or all of the other plaintiffs’ contentions, to constitute “ doing business ” in the State of New York, or to render Gridoil amenable to process because of its alleged “presence ” here. (See Tauza v. Susquehanna Coal Co., 220 N. Y. 259, and also Elish v. St. Louis Southwestern Ry. Co., 305 N. Y. 267.) The motion to vacate the summons served on the defendant, Gridoil, is granted. Submit order.