Jacob Markowitz, J.
Defendant, a Pennsylvania corporation, appears specially herein and moves to vacate and set aside the service of the summons upon the ground that there is no jurisdiction over said defendant. The question for determination is whether the said defendant is engaged in business within this State, which, in turn, depends upon the activities of the defendant and whether such activities can be construed as actually doing business.
Plaintiff contends that it must be held that defendant is doing business here sufficient for the purposes of jurisdiction because (1) defendant has a transfer agent at the Guaranty Trust Company of New York and a registrar’s office at the Chase Manhattan Bank, both in Manhattan, for the sale of its securities on the New York Stock Exchange; (2) one of its New York directors, Leo Model, maintains offices in Manhattan; (3) meetings of the executive committee of defendant’s board of directors are held in New York City; (4) the defendant has stock interest in certain New York corporations. Plaintiff’s contentions are untenable in view of the facts disclosed in the papers before me. There is no real disputé as to the facts, although there is a variance as to the inferences to be deduced from the facts. It is clear that defendant conducts no business in this State and is not qualified to do so. It has neither an office nor office equipment here nor any listing on a building, directory or in a telephone book; it has no employees, salesmen, mailing address, warehouse or agent for the service of process; it pays no taxes here nor does it own or rent any property in this State. The sole connections defendant had in this State, at the time of the service, were the sale of its securities on the New York Stock Exchange, and the incidental maintenance of bank accounts for dividend payments, transfer agents and registrar’s office, occasional meetings of the executive committee of its board of directors held in New York City for the convenience of two of its members, and a stock interest in certain New York corporations. The facts that defendant has a transfer agent and registrar here and maintains bank accounts for payment of dividends are purely of a financial nature, required by the rules of the New York Stock Exchange. It may not be construed to constitute doing such business here as would subject this defendant to process (Sunrise Lbr. Co. v. H. Biery Lbr. Co., 195 App Div. 170, 173).
Regarding defendant’s ownership of stock in New York corporations, defendant’s interest in these corporations is that of a stockholder. None of the New York subsidiary corporations sells any products manufactured by defendant, nor purchases *1007 any commodities used by defendant in its business. None of these corporations has been held out as agents of defendant nor has it been shown that they conduct any systematic business activity here. Such stock interest under the circumstances here is not sufficient to constitute defendant, a foreign corporation, as doing business in the State of New York (Rosario v. Public Service Co-Ordinated Transp., 270 App. Div. 169; Lilienblum v. Wissotzky & Co., 213 App. Div. 18; Blaustein v. Pan American Petroleum & Transp. Co., 163 Misc. 749, affd. 251 App. Div. 704; Cannon Mfg. Co. v. Cudahy Co., 267 U. S. 333).
As to the meetings in this city of the executive committee, it is not contradicted that the meetings were occasional. In fact only three were held since 1954. The board of directors meets regularly every month in Philadelphia. The three board meetings in New York were for the purpose of accommodating the convenience of two of the members. This assuredly falls far short of a showing of such conduct which could be construed to be of such permanence or continuity as to constitute a course of doing business here. It is settled that if a corporation is not doing business here the mere fact that its officers may be found in this State, and even reside here, does not bring the corporation within the State’s jurisdiction (Riverside Mills v. Menefee, 237 U. S. 189; Dollar Co. v. Canadian Car & Foundry Co., 220 N. Y. 270; J. C. F. Holding Corp. v. General Gas & Elec. Corp., 46 N. Y. S. 2d 605, 614; Hulick v. Petroleum Corp. of America, 198 App. Div. 359; Feingold v. Ellman, 138 N. Y. S. 2d 192).
Plaintiff has failed to make a substantial showing that defendant is engaged in transacting business within the State so as to confer jurisdiction, and the motion is accordingly granted. Settle order.