**Jerome L. GILSON ana Morris J. Levy, Plaintiffs,**

v.

**PITTSBURGH FORGINGS COMPANY, Defendant.**

**No. 68 Civ. 589.**

United States District Court
S. D. New York.

May 22, 1968.

Morris J. Levy, New York City, for plaintiffs.

Watters & Donovan, New York City, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant, John P. Walsh, New York City, John C. Bane, Jr., J. Sherman McLaughlin, Pittsburgh, Pa., of counsel.

**570**

WYATT, District Judge.

This is a motion by defendant for an order under Fed.R.Civ.P. 12(b) dismissing the action (a) for lack of jurisdiction over the subject matter, (b) for lack of jurisdiction over the person of defendant, and (c) for improper venue, or in the alternative for an order under 28 U.S.C. § 1404(a) transferring the action to the Western District of Pennsylvania "for the convenience of parties and witnesses", etc.

Plaintiff Gilson is the owner of shares of common stock of defendant; plaintiff Levy is Gilson's attorney. This action seeks to recover attorney's fees in the sum of $2500 in connection with the corporation's recovery of "short swing" profits under Section 16(b) of the Securities Act of 1934 (the "Act"), 15 U.S.C. § 78p(b).

In a letter under date of November 22, 1966, Mr. Levy, as attorney for Mr. Gilson, notified defendant that four named officers or directors or both of defendant were liable to defendant under Section 16(b) for various amounts as "profit". The letter further stated that unless the corporation instituted suit within sixty days to recover these amounts plaintiff Gilson would institute suit on the corporation's behalf.

It appears without dispute that after receipt of Mr. Levy's November 22 letter, defendant investigated the transactions, determined that the four officers or directors should pay an aggregate of $7,959.97 to defendant as Section 16(b) "profit" and under date of December 30, 1966, advised Mr. Levy that "these payments will be made at once". Apparently the payments have been made without the necessity for any action to be commenced.

The complaint in the action was filed February 13, 1968 and its theory is evidently that of Blau v. Rayette-Faberge, Inc., 389 F.2d 469 (2d Cir. 1968).

■ The motion to dismiss for lack of jurisdiction over the subject matter is plainly without merit. Section 27 of the Act (15 U.S.C. § 78aa) gives jurisdiction to this Court of "violations" of the Act and of "all suits in equity and actions at law brought to enforce any liability or duty created" by the Act. The liability under Section 16(b) is one patently created by the Act and the claim to compensation of an attorney in connection therewith is one of the "remedial incidents" to be governed by federal law. Gilson v. Chock Full O'Nuts Corporation, 331 F.2d 107, 109 (2d Cir. 1964).

Whether there is jurisdiction over the person of defendant and whether there is proper venue here depends on whether defendant is "found or is an inhabitant or transacts business" in this District, as provided in Section 27 of the Act (15 U.S.C. § 78aa). Plaintiff relies on the provision quoted and caused service to be made on defendant in Pittsburgh, as permitted by the same Section 27.

It appears without dispute that defendant is incorporated in Delaware, that it maintains plants and has qualified to do business in both Pennsylvania and Michigan, and that it does not have any office or place of business in New York. Defendant is a maker of steel forgings for railroad cars and motor vehicles.

Plaintiff relies on the facts that the stock of defendant is listed on the New York Stock Exchange and its shares traded there, that defendant has appointed Chemical Bank New York Trust Company to act in this district as its stock transfer agent, and that defendant has appointed Bankers Trust Company to act in this district as registrar of its stock.

■ A defendant "transacts business" in a district within the meaning of Section 27 only when, among other things, its activities within the district constitute a "substantial part" of its "ordinary business". United Industrial Corp. v. Nuclear Corp. of America, 237 F.Supp. 971, 978 (Del.1964).

■ This defendant does not transact business here so as to support venue in this district. The trading of its

shares is not really a part of its "ordinary business" and represents no activity so far as it is concerned. The transfer and registration of its stock here, done for it by institutional agents, is incident merely to the trading of its shares on the New York Stock Exchange.

Toledo Railways & Light Co. v. Hill, 244 U.S. 49, 37 S.Ct. 591, 61 L.Ed. 982 (1917) involved a motion to vacate the service of summons on it in New York on the ground that the defendant did not do business in New York. The defendant was incorporated under the laws of Ohio and had issued bonds secured by a mortgage. The trustee under the mortgage was a banking institution in the City of New York. The bonds were subject to registry, and became due and payable, at the trustee's office in New York City. The Supreme Court held that "the mere provision for a place of payment in the City of New York of the bonds and the coupons annexed to them, at their maturity, and their payment at such place, was in no true sense the carrying on by the corporation in New York of the business which it was chartered to carry on, however much it may have been an agreement by the corporation to pay in New York an obligation resulting from the carrying on by it of its business in the State of Ohio" (244 U.S. at 53, 37 S.Ct. at 593).

While the issue presented by this motion is solely one of federal law, it is instructive to note that New York courts have consistently held that a corporation is not "doing business" in the State for purposes of conferring jurisdiction because its shares of stock are listed on a stock exchange requiring the incidental maintenance of bank accounts for dividend payments, stock transfer agents and stock registrars. Grossman v. Sapphire Petroleums Limited, 195 N.Y.S.2d 851 (Sup.Ct.1959); Robbins v. Ring, 9 Misc.2d 44, 166 N.Y.S.2d 483 (Sup.Ct. 1957); Joseph Walker & Sons v. Lehigh Coal & Navigation Co., 8 Misc.2d 1005, 167 N.Y.S.2d 632 (Sup.Ct.1957).

In Robbins v. Ring, above, plaintiff contended that defendant was "doing business" in New York because its stock was listed on the American Stock Exchange and its stock transfer agent was located in New York City. Defendant had also recently succeeded in negotiations which had been undertaken in New York for the private placement of certain convertible notes in the sum of $3,-000,000. In holding these instances insufficient to constitute "doing business" so as to confer jurisdiction upon defendant, the New York Supreme Court (McGivern, J.) stated:

"Thus the plaintiffs' position is legally infirm, for almost every corporation would be subject to the jurisdiction of New York, without any other jurisdictional requirements, if the plaintiffs' contentions were accepted as meritorious. In the case at bar, the defendant clearly does not operate here by its own employees nor in its own offices, and financial arrangements, isolated and alone, are not sufficient to subject . . . [defendant] to our jurisdiction." 166 N.Y.S. 2d at 485.

The conclusion is that venue is not proper here and thus that service in Pittsburgh, being unauthorized, conferred no jurisdiction over the person of defendant.

In this situation the action can be dismissed or transferred to a district "in which it could have been brought". 28 U.S.C. § 1406(a).

Under the circumstances, it seems to be "in the interest of justice" to transfer the action to the Western District of Pennsylvania. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

The motion is granted to the extent that the action is transferred to the United States District Court for the Western District of Pennsylvania and the Clerk is directed to forward all papers to the Clerk of that Court at Pittsburgh.

So ordered.